272 So.2d 65 (1972)
In re FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 42218-B.
Supreme Court of Florida.
December 6, 1972.
Rehearing Denied January 29, 1973.
Order Amended January 29, 1973.
Order Amended January 29, 1973, 272 So.2d 513.
PER CURIAM.
Appended to this order are amended and new rules of The Rules of Criminal Procedure. These rules shall govern all proceedings within their scope after 12:01 a.m., February 1, 1973. All conflicting rules and statutes are hereby superseded; statutes not superseded shall remain in effect as rules promulgated by the Supreme Court. The committee notes appended to each rule are not adopted by the Court.
It is so ordered.
CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ADKINS, J., concurs specially with opinion.
DEKLE, J., concurs with ADKINS, J.
ROBERTS, C.J., concurs in part and dissents in part with opinion.
McCAIN and DEKLE, JJ., concur with ROBERTS, C.J.
ERVIN, J., dissents in part and concurs in part with opinion.
ADKINS, Justice (concurring):
The question of whether a rule relates to substantive law or practice and procedure is one which constantly arises. In State v. Garcia, 229 So.2d 236 (Fla. 1969), we said:
"As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished. See State v. Augustine, 197 Kan. 207, 416 P.2d 281 (1966)." (p. 238)
Similar definitions were used in Gaspin v. State, 76 Ga. App. 375, 45 S.E.2d 785 (Ga. App. 1947); State v. Rodosta, 173 La. 623, 138 So. 124 (1931); Roberts v. Love, 231 Ark. 886, 333 S.W.2d 897 (1960); State v. Augustine, 197 Kan. 207, 416 P.2d 281 (1966); State v. Capaci, 179 La. 462, 154 So. 419 (1934).
Practice and procedure pertains to the legal machinery by which substantive law is made effective. Herberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla.App. 1st 1966); State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); Woodward v. Southern Pac. Co., 35 Cal. App.2d 130, 94 P.2d 1028 (1939); Allen v. Bailey, 91 Colo. 260, 14 P.2d 1087 (1932); Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686 (1953); Jones v. Erie Railroad Co., 106 Ohio St. 408, 140 N.E. 366 (1922); Jones v. Garrett, 192 Kan. 109, 386 P.2d 194 (1963); King v. Schumacher, 32 Cal. App.2d 172, 89 P.2d 466 (1939); and Heron v. Gaylor, 53 N.M. 44, 201 P.2d 366 (1948). It has also been said that substantive law creates, defines, adopts and regulates rights, while procedural law prescribes the method of enforcing those rights. Meagher v. Kavli, 251 Minn. 477, 88 N.W.2d 871 (1958); Metropolitan Life Ins. Co. v. McSwain, 149 Miss. 455, 115 So. 555 (1928); Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371 (1937); State v. District Court, 399 P.2d 583 (Wyo. 1965).
Substantive rights are those existing for their own sake and constituting the normal legal order of society, i.e., the rights of life, liberty, property and reputation. Remedial rights arise for the purpose of protecting or enforcing substantive rights. *66 Estate of Gogabashvele v. Kapanadze, 195 Cal. App.2d 503, 16 Cal. Rptr. 77 (1961).
We have said that "practice" means the method of conducting litigation involving rights and corresponding defenses, Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116 (1941), or the manner in which the power to adjudicate or determine is exercised, Sheldon v. Powell, 99 Fla. 782, 128 So. 258 (1930). It has also been said that "practice" is the method of conducting litigation. Dadswell v. State ex rel. Phillips, 186 So.2d 274 (Fla.App.2d 1966).
The entire area of substance and procedure may be described as a "twilight zone" and a statute or rule will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made. From extensive research, I have gleaned the following general tests as to what may be encompassed by the term "practice and procedure."
Practice and procedure encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. "Practice and procedure" may be described as the machinery of the judicial process as opposed to the product thereof.
Examination of many authorities leads me to conclude that substantive law includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property. As to the term "procedure," I conceive it to include the administration of the remedies available in cases of invasion of primary rights of individuals. The term "rules of practice and procedure" includes all rules governing the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution. See Kellman v. Stoltz, 1 F.R.D. 726 (N.D., Iowa, 1941).
The Revised Criminal Rules of Procedure describe the machinery by which substantive rights are protected and enforced. They are within the purview of the term "practice and procedure" as used in Fla. Const., art. V, § 3, F.S.A.
DEKLE, J., concurs.
ROBERTS, Chief Justice.
I agree with that part of the opinion which defines the difference between "practice and procedure" and substantive law.
ROBERTS, Chief Justice (concurring in part and dissenting in part).
I concur in that part of the order approving all of the attached Criminal Rules of Procedure except that I can not approve Rule 3.440, requiring a unanimous jury verdict. Specifically, this rule provides:
"When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreman if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it." e.s.
On May 20, 1968, the Supreme Court of the United States in Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, held that the Sixth Amendment guarantee of a jury trial was made applicable to the states by the Fourteenth Amendment. However, in the recent case of Apodaca et al. v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 the Supreme *67 Court of the United States went a step further and held that the Sixth Amendment guarantee of a jury trial made applicable to the states by Duncan, supra, does not require that the jury's vote be unanimous. Of particular note, the Supreme Court of the United States opined as follows:
"Our inquiry must focus upon the function served by the jury in contemporary society. Cf. Williams v. Florida, supra, 399 U.S. 78, at 99-100, 90 S.Ct. 1893, at 1905, 26 L.Ed.2d 446. As we said in Duncan, the purpose of trial by jury is to prevent oppression by the Government by providing a `safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge.' Duncan v. Louisiana, supra, 391 U.S. at 156, 88 S.Ct. 1444, at 1451. `Given this purpose, the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen... .' Williams v. Florida, supra, at 100, 90 S.Ct. 1893, at 1906.[1] A requirement of unanimity, however, does not materially contribute to the exercise of this commonsense judgment. As we said in Williams, a jury will come to such a judgment as long as it consists of a group of laymen representative of a cross section of the community who have the duty and the opportunity to deliberate, free from outside attempts at intimidation, on the question of a defendant's guilt. In terms of this function we perceive no difference between juries required to act unanimously and those permitted to convict or acquit by votes of 10 to two or 11 to one. Requiring unanimity would obviously produce hung juries in some situations where nonunanimous juries will convict or acquit. But in either case, the interest of the defendant in having the judgment of his peers interposed between himself and the officers of the State who prosecute and judge him is equally well served.
"Petitioners nevertheless argue that unanimity serves other purposes constitutionally essential to the continued operation of the jury system. Their principal contention is that a Sixth Amendment `jury trial' made mandatory on the States by virtue of the Due Process Clause of the Fourteenth Amendment, Duncan v. Louisiana, supra, should be held to require a unanimous jury verdict in order to give substance to the reasonable doubt standard otherwise mandated by the Due Process Clause. See In re Winship, 397 U.S. 358, 363-364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970).
"We are quite sure, however, that the Sixth Amendment itself has never been held to require proof beyond a reasonable doubt in criminal cases. The reasonable doubt standard developed separately from both the jury trial and the unanimous verdict. As the Court noted in the Winship case, the rule requiring proof of crime beyond a reasonable doubt did not crystallize in this country until after the Constitution was adopted. See id., at 361, 90 S.Ct. at 1070. And in that case, which held such a burden of proof to be constitutionally required, the Court purported to draw no support from the Sixth Amendment.
"Petitioners' argument that the Sixth Amendment requires jury unanimity in order to give effect to the reasonable doubt standard thus founders on the fact that the Sixth Amendment does not require proof beyond a reasonable doubt at all. The reasonable doubt argument is rooted, in effect, in due process and has been rejected in Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152."
With more and more people being entitled to jury trials, with more and more people demanding jury trials for such minor offenses as parking by fire hydrants, on up to more serious crimes, and with the *68 necessary increased compensation to jurors, a substantial load has been imposed on the taxpayers. Further, a heavy burden on Florida citizens in general is developing with the requirement that the jury unanimously agree as to their verdict. Not infrequently, it becomes necessary to try cases a second or even a third time before the jury is able to reach a unanimous verdict because of the stubbornness of one juror.
I know of no other form of parliamentary body which requires a unanimous vote. A grand jury indicts on two-thirds vote. Laws are promulgated by the legislature on a bare majority. Our District Courts of Appeal decide cases by a vote of two to one; the State Supreme Court decides a case by a vote of four to three; the Supreme Court of the United States often decides cases on a five to four vote. Our largest corporations operate by a mere majority of directors. But, still we adhere to an old tradition, without any legal foundation in the history of this nation known to me, that we must have unanimous verdicts. The Supreme Court of the United States in Apodaca, supra, carefully set out the absence of any such foundation with the following language,
"Like the requirement that juries consist of 12 men, the requirement of unanimity arose during the Middle Ages and had become an accepted feature of the common-law jury by the 18th century. But, as we observed in Williams, `the relevant constitutional history casts considerable doubt on the easy assumption ... that if a given feature existed in a jury at common law in 1789, then it was necessarily preserved in the Constitution.' Id., 399 U.S. at 92-93, 90 S.Ct. at 1902. The most salient fact in the scanty history of the Sixth Amendment, which we reviewed in full in Williams, is that, as it was introduced by James Madison in the House of Representatives, the proposed Amendment provided for trial
`by an impartial jury of the freeholders of the vicinage, with the requisite of unanimity for conviction, of the right of challenge, and other accustomed requisites ...' 1 Annuals of
Cong. 435 (1789).
Although it passed the House with little alteration, this proposal ran into considerable opposition in the Senate, particularly with regard to the vicinage requirement of the House version. The draft of the proposed Amendment was returned to the House in considerably altered form, and a conference committee was appointed. That committee refused to accept not only the original House language but also an alternate suggestion by the House conferees that juries be defined as possessing `the accustomed requisites.' Letter from James Madison to Edmund Pendleton, Sept. 23, 1789, in 1 Letters and Other Writings of James Madison 492-493 (1865). Instead, the Amendment that ultimately emerged from the committee and then from Congress and the States provided only for trial.
`by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law... .'
"As we observed in Williams, one can draw conflicting inferences from this legislative history. One possible inference is that Congress eliminated references to unanimity and to the other `accustomed requisites' of the jury because those requisites were thought already to be implicit in the very concept of jury. A contrary explanation, which we found in Williams to be the more plausible, is that the deletion was intended to have *69 some substantive effect. See 399 U.S., at 96-97, 90 S.Ct. at 1903-1904. Surely one fact that is absolutely clear from this history is that, after a proposal had been made to specify precisely which of the common-law requisites of the jury were to be preserved by the Constitution, the Framers explicitly rejected the proposal and instead left such specification to the future. As in Williams, we must accordingly consider what is meant by the concept `jury' and determine whether a feature commonly associated with it is constitutionally required. And, as in Williams, our inability to divine `the intent of the Framers' when they eliminated references to the `accustomed requisities' requires that in determining what is meant by a jury we must turn to other than purely historical considerations."
We cannot escape the fact that numerous mistrials are a contributing factor to the greatest crime wave ever existing in this country.
In my opinion, certainly in misdemeanor cases where the punishment is light, a jury should be able to reach a verdict with an affirmative vote of five out of six jurors.
Therefore, I would adopt a rule that in misdemeanors providing for punishment of six months or less or a fine of $500 or less, five out of six jurors could reach a verdict. I have carefully read the Magna Charta, the Constitution of the United States and the Constitution of the State of Florida, and find nothing inconsistent in any of them with the views hereinabove expressed.
McCAIN and DEKLE, JJ., concur.
ERVIN, Justice (dissenting in part and concurring in part):
I concur in the adoption of the foregoing rules with the exceptions noted below.

RULE 3.130: PRETRIAL RELEASE
I am unable to support Rule 3.130 which will continue the current discriminatory bail bond system. I am deeply distressed by this Court's rejection of the "pretrial release" rule unanimously recommended by our Special Advisory Committee.
In its "Note" following the proposed pretrial release rule, the Committee said:
"This rule replaces Rule 1.130, Florida Rules of Criminal Procedure, entitled `Bail.' The existing rule placed almost complete emphasis on money bail rather than less onerous conditions of release. The proposed rule presumes that if the defendant is likely to appear, there is no need for an arrest, or, if an arrest has occurred, the defendant should be released on his own recognizance or promise to appear."
The Rule adopted by this Court will perpetuate that money-bail emphasis; I am unwilling to further support Florida's archaic bail bond system.
The inequities in the bail bond system are well described in the Introduction to the American Bar Association's Minimum Standards for Criminal Justice, Standards Relating to Pretrial Release:
"The Bail System as it now generally exists is unsatisfactory from either the public's or the defendant's point of view. Its very nature requires the practically impossible task of translating risk of flight into dollars and cents and even its basic premise  that risk of financial loss is necessary to prevent defendants from fleeing prosecution  is itself of doubtful validity. The requirement that virtually every defendant must post bail causes discrimination against defendants who are poor and imposes personal hardship on them, their families and on the public which must bear the cost of their detention and frequently support their dependents *70 on welfare. Moreover, bail is generally set in such a routinely haphazard fashion that what should be an informed, individualized decision is in fact a largely mechanical one in which the name of the charge, rather than all the facts about the defendant, dictates the amount of bail. See generally Beeley, The Bail System in Chicago (1927); Freed & Wald, Bail in the United States: 1964 (hereafter cited as Bail in the United States); Foote, The Administration of Bail in New York City, 106 U.Pa.L.Rev. 693 (1958); Ares, Rankin & Sturz, The Manhattan Bail Project, 38 N.Y.U.L.Rev. 67 (1963) (hereafter cited as Manhattan Bail Project).
"Recent criticism of bail has focused principally on the fact that it inevitably discriminates against the poor. Of a sample of New York defendants studied in 1957, twenty-five percent of all defendants could not make $500 bail, forty-five percent were unable to raise $1,500 and sixty-three percent could not make it at $2,500. Foote, supra at 707. A later study in New York demonstrated the persistence of the discrimination. Manhattan Bail Project, supra at 79. The D.C. Bar Association's Junior Bar Section made similar findings in its Bail System of the District of Columbia 2 (1963). Seventeen percent of the defendants whose cases were reviewed could not make $500, forty percent failed at $1,000 and at $2,500 bail, seventy-eight percent stayed in jail. A four-district survey in the federal system revealed that only when bail was set very low did a substantial number of defendants succeed in gaining pretrial release. Report of the Attorney General's Committee on Poverty and the Administration of Federal Criminal Justice 66 (1963)... .
"Bail is usually set at the defendant's first appearance before a magistrate or justice of the peace. In state courts, more often than not defense counsel has not yet entered the picture at this point. But even when he has, no particular effort is usually made to develop fully the facts that may bear on the question of bail. No systematic effort is made to tailor the decision to the condition and background of the individual defendant. See generally Note, Compelling Appearance in Court: Administration of Bail in Philadelphia, 102 U.Pa.L.Rev. 1031, 1036-1043 (1954).
"Recent experimental studies have demonstrated that if a quick but careful inquiry is made into the facts concerning the defendant's roots in the community a vastly more rational bail decision can be made. More dramatically, a systematic development of the facts will show that in a large number of cases defendants safely can be released without bail. The Manhattan Bail Project, conducted by the Vera Foundation and the Institute of Judicial Administration at New York University School of Law, found that about sixty-five percent of all felony defendants interviewed could be recommended for release without bail. Of 2,195 defendants released in this way less than one percent failed to appear when required. Bail in the United States 62. The D.C. Bail Project secured release without bail for 2,166 defendants in two and one-half years and ninety-seven percent returned without difficulty. Molleur, Bail Reform in the Nation's Capital 31 (1966). In short, risk of financial loss is an insubstantial deterrent to flight for a large number of defendants whose ties to the community are sufficient to bring them to court.
"The consequences of pretrial detention are grave. Defendants presumed innocent are subjected to the psychological and physical deprivations of jail life, usually under more onerous conditions than are imposed on convicted defendants. The jailed defendant loses his job if he has one and is prevented from contributing to the preparation of his defense. Equally important, the burden of *71 his detention frequently falls heavily on the innocent members of his family. Moreover, there is strong evidence that a defendant's failure to secure pretrial release has an adverse effect on the outcome of his case. Studies in Philadelphia, the District of Columbia and New York all indicate that the conviction rate for jailed defendants materially exceeds that of bailed defendants. For example, of defendants charged with grand larceny forty-three percent of those on bail pending trial were convicted while seventy-two percent of those in jail were convicted. Manhattan Bail Project, supra at 84; Foote, The Coming Constitutional Crisis in Bail: II, 113 U.Pa.L.Rev. 1125, 1137-1151 (1965). In terms of the sentence imposed on convicted persons, the bailed defendant is far more likely to receive probation; his jailed counterpart, having been unable to demonstrate his reliability under supervision, more frequently goes to prison. The Bail System of the District of Columbia 40. Of course some of the factors, such as strong evidence of guilt or a long criminal record, that lead to high bail and hence detention, will also cause a court to find the defendant guilty and to sentence him to prison rather than to give him probation. But a recent study which attempted to hold other causative factors constant indicates that there is a strong relationship between detention and unfavorable disposition. Rankin, The Effect of Pretrial Detention, 39 N.Y.U.L.Rev. 641 (1964).
"The public also suffers when defendants are unnecessarily detained. In 1962, defendants detained pending trial in New York City accounted for 1,775,778 jail days at a cost of $6.25 per day, or a total cost of over $10,000,000. Other cities report similar figures. People who cannot make bail are detained from 30 days to as much as eight months awaiting trial, at great cost to themselves and to the public that must maintain them as well as frequently bear the cost of welfare payments to their families. See generally Bail in the United States."
The Advisory Committee's rule attempted to eliminate these unjust results of the bail bond system by guaranteeing that all persons, regardless of financial status, would not needlessly be detained pending their appearance when detention would serve neither the ends of justice nor the public interest. It created a presumption that an accused is to be released without bail unless it is shown that there is reason to believe that his release should be conditioned in some fashion.
If conditions of release were found to be necessary, the Committee's rule provided that "the judicial officer shall impose the least onerous condition reasonably likely to assure the defendant's appearance in court." Money bail was a last resort, and even fully secured bail was to be required only in extreme cases where no other condition would satisfactorily guarantee the defendant's appearance. In each instance where a judicial officer or his authorized deputy, or law officer acting under his authority determined a summons, the defendant's promise to appear, or personal recognizance to be insufficient to assure the defendant's presence, the proposed rule required that the judicial officer give reasons for the imposition of conditions. In determining what conditions of release would reasonably insure the appearance of the defendant, the Committee recommended that the judicial officer take into account factors such as the length of his residence in the community and his past residences, his employment status and history, and his financial condition, his family ties and relationships, his reputation, character, and mental condition; his prior criminal record, including any record of prior release pending trial and record of appearance while released, the identity of responsible members of the community who would vouch for his reliability and agree to assist *72 him in making required appearances, the nature of the offense charged, and any other factors indicating his ties to the community or bearing on the risk of willful failure to appear.
The Committee's rule was an excellent attempt at eliminating from our legal system one more means of discriminating against the poor. It should have been approved.
Incidentally, the rejection of the entire proposed rule on pretrial release means the rejection of rules providing for the mandatory issuance of summons for misdemeanors (with exceptions) and mandatory issuance of summons when the defendant is a corporation. The proposed rule, in substance, incorporated existing Rule 3.150, Florida Rules of Criminal Procedure. By its rejection of the proposed rule, the Court has unwittingly omitted Rule 3.150.

RULE 3.210: INCOMPETENTS
Finally, I feel Rule 3.210 relating to the civil commitment of defendants who are incompetent to stand trial contains a major defect. Under the Supreme Court of the United States' recent holding in Jackson v. Indiana, 1972, 406 U.S. 715, 92 S.Ct. 1845, 1858, 32 L.Ed.2d 435,
"... a person charged by a State with a criminal offense who is committed [to a psychiatric institution] solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal." (Emphasis supplied.)
Rule 3.210(a) of the majority's Revision of the Florida Rules of Criminal Procedure provides in pertinent part:
"(3) If the Court decides that the defendant is insane, it shall commit him or her to the [proper institution.] The order of commitment shall require that the proper officer of such institution furnish the court a written report at least every six months, stating (1) whether there is a substantial probability that the defendant will become mentally competent to stand trial within the foreseeable future and, if so, (2) whether progress toward that goal is being made... .
"(5) If at any time after such commitment the court decides, after hearing, (1) that there is no substantial probability that the defendant will become mentally competent to stand trial within the foreseeable future or (2) that no progress is being made toward that goal, it shall enter an order accordingly and shall find and adjudge the defendant not guilty by reason of insanity and forthwith direct the institution of civil proceedings for the commitment of the defendant. The defendant shall remain in custody until determination of the civil proceedings." (Emphasis supplied.)
While this Rule guarantees biannual reports on an incompetent defendant's mental progress, it does not insure him either release or a Section 394.22 Florida Statutes, F.S.A., civil commitment proceeding within a reasonable time after his commitment. For this reason, I am unable to approve it.

*73
REVISION OF FLORIDA CRIMINAL PROCEDURE RULES ADOPTED DECEMBER 6, 1972 BY
 THE SUPREME COURT OF FLORIDA
 TABLE OF CONTENTS
 FLORIDA CRIMINAL PROCEDURE RULES
 I. SCOPE, PURPOSE AND CONSTRUCTION
 Rule 3.010. Scope
 3.020. Purpose and Construction
 3.025. Court Administration
 II. GENERAL PROVISIONS
 3.030. Service of Pleadings and Papers
 3.040. Computation of Time
 3.050. Enlargement of Time
 3.060. Time for Service of Motions and Notice of Hearing
 3.070. Additional Time after Service by Mail
 3.080. Pleadings to be Signed by Attorney
 3.090. Pleadings to be Signed by Unrepresented Defendant
 3.100. Attorney not to be Surety
 3.110. Televising, Photographing, Radio Broadcasting of
 Trial
 3.111. Providing Counsel to Indigents
 3.115. Duties of State Attorney; Criminal Intake
 III. PRELIMINARY PROCEEDINGS
 3.120. Committing Magistrate
 3.121. Arrest Warrants
 3.130. Pre-Trial Release
 3.131. Preliminary Hearing
 3.140. Indictments, Informations
 3.150. Joinder of Offenses and Defendants
 3.151. Consolidation of Related Offenses
 3.152. Severance of Offenses and Defendants
 3.153. Timeliness of Defendant's Motion; Waiver
 IV. ARRAIGNMENT AND PLEAS
 3.160. Arraignment
 3.170. Pleas
 3.171. Plea Discussions and Agreements
 3.180. Presence of Defendant
 V. PRE-TRIAL MOTIONS AND DEFENSES
 3.190. Pre-Trial Motions
 3.191. Speedy Trial
 3.200. Notice of Alibi
 3.210. Insanity

*74
 VI. DISCOVERY
 3.220. Discovery
 VII. DISQUALIFICATION AND SUBSTITUTION OF JUDGE
 3.230. Disqualification of Judge
 3.231. Substitution of Judge
 VIII. CHANGE OF VENUE
 3.240. Change of Venue
 IX. THE TRIAL
 3.250. Accused as Witness
 3.251. Right to Trial by Jury
 3.260. Waiver of Jury Trial
 3.270. Number of Jurors
 3.280. Alternate Jurors
 3.281. List of Prospective Jurors
 3.290. Challenge to Panel
 3.300. Voir Dire Examination, Oath and Excusing of Member
 3.310. Time for Challenge
 3.320. Manner of Challenge
 3.330. Determination of Challenge for Cause
 3.340. Effect of Sustaining Challenge
 3.350. Peremptory Challenges
 3.360. Oath of Trial Jurors
 X. CONDUCT OF TRIAL; THE JURY INSTRUCTIONS
 3.370. Regulation and Separation of Jurors
 3.380. Motion for Judgment of Acquittal
 3.390. Jury Instructions
 3.391. Selection of Foreman of Jury
 3.400. Materials to the jury room
 3.410. Jury Request to Review Evidence or for Additional
 Instructions
 3.420. Recall of Jury for Additional Instructions
 3.430. Jury Not Recallable to Hear Additional Evidence
 XI. THE VERDICT
 3.440. Rendition of Verdict; Reception and Recording
 3.450. Polling the Jury
 3.451. Judicial Comment on Verdict
 3.460. Acquittal for Cause of Insanity
 3.470. Proceedings on Sealed Verdict
 3.490. Determination of Degree of Offense
 3.500. Verdict of Guilty Where More Than One Count
 3.510. Conviction of Attempt; Lesser Included Offense
 3.520. Verdict in Case of Joint Defendants
 3.530. Reconsideration of Ambiguous or Defective Verdict
 3.540. When Verdict May be Rendered

*75
 3.550. Disposition of Defendant
 3.560. Discharge of Jurors
 3.570. Irregularity in Rendition, Reception and Recording
 of Verdict
 XII. POST-TRIAL MOTIONS
 3.580. Court May Grant New Trial
 3.590. Time for and Method of Making Motions; Procedure;
 Custody Pending Hearing
 3.600. Grounds for New Trial
 3.610. Motion for Arrest of Judgment; Grounds
 3.620. When Evidence Sustains Only Conviction of Lesser
 Offense
 3.630. Sentence Before or After Motion Filed; Evidence
 at Hearing
 3.640. Effect of Granting New Trial
 XIII. JUDGMENT
 3.650. Judgment Defined
 3.670. Rendition of Judgment
 3.680. Judgment on Informal Verdict
 3.690. Judgment of Not Guilty; Defendant Discharged and
 Sureties Exonerated
 3.691. Post-Trial Release
 XIV. SENTENCE
 3.700. Sentence Defined; Pronouncement and Entry; Sentencing
 Judge
 3.710. Presentence Report
 3.711. Presentence Report: When Prepared
 3.712. Presentence Report: Disclosure
 3.713. Presentence Investigation Disclosure: Parties
 3.720. Sentencing Hearing
 3.721. Record of the Proceedings
 3.722. Concurrent and Consecutive Sentences
 3.730. Issuance of Capias Where Necessary to Bring Defendant
 Before Court
 3.740. Procedure When Insanity is Alleged as Cause for
 Not Pronouncing Sentence
 3.750. Procedure When Pardon is Alleged as Cause for
 Not Pronouncing Sentence
 3.760. Procedure When Non-Identity is Alleged as Cause
 for Not Pronouncing Sentence
 3.770. Procedure When Pregnancy is Alleged Cause for
 Not Pronouncing Sentence
 3.790. Probation
 3.800. Correction and Reduction of Sentences

*76
 XV. EXECUTION OF SENTENCE
 3.810. Commitment of Defendant; Duty of Sheriff
 3.820. Habeas Corpus; Custody Pending Appeal
 XVI. CRIMINAL CONTEMPT
 3.830. Direct Criminal Contempt
 3.840. Indirect Criminal Contempt
 XVII. POST-CONVICTION RELIEF
 3.850. Motion to Vacate, Set Aside or Correct Sentence;
 Hearing; Appeal
XVIII. FORMS
 3.985. Standard Jury Instructions

I. SCOPE, PURPOSE AND CONSTRUCTION

3.010. SCOPE.
These rules shall govern the procedure in all criminal proceedings in State courts including proceedings involving direct and indirect criminal contempt, including proceedings under Rule 3.850 hereof, and including vehicular and pedestrian traffic offenses insofar as these Rules are made applicable by the Florida Rules of Practice and Procedure for Traffic Courts. These Rules shall not apply to direct or indirect criminal contempt of a court acting in any appellate capacity. These Rules may be cited as the Rules of Criminal Procedure and abbreviated as RCrP.
Committee Note: Amended to provide for applicability of Rules to Vehicular Traffic Offenses, when made so by the Traffic Court Rules.

3.020. PURPOSE AND CONSTRUCTION.
These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration.
Committee Note: Same as prior rule.

3.025. COURT ADMINISTRATION.
(a) Purpose of Rule. The purpose of this rule is to secure the just, speedy and efficient disposition of criminal cases and administration of the court's business. This rule shall apply to all courts having jurisdiction to try criminal cases and to all criminal proceedings.
(b) Administration. Administrative responsibilities shall be as provided by Rule 1.020, Court Administration, Florida Rules of Civil Procedure.
(c) Court Reporters. The fees to be allowed court reporters shall be in the amounts as provided by Rule 1.035, Florida Rules of Civil Procedure.
Committee Note: Same as prior rule.

II. GENERAL PROVISIONS

3.030. SERVICE OF PLEADINGS AND PAPERS.
(a) Service; When Required: Every pleading subsequent to the initial indictment or information upon which defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one as to which a hearing EX PARTE is authorized, and every written notice, demand and similar paper shall be served on each party; *77 however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b) Same; How Made: Where under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, or, if no address is known, by leaving it with the clerk of the court who shall place it in the court file. Delivery of a copy within this rule shall mean: handing it to the attorney or to the party; or, leaving it at his office with his secretary or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicious place therein; or, if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents thereof. Service by mail shall be deemed complete upon mailing.
(c) Filing: All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(d) Filing With the Court Defined: The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the office of the clerk.
(e) Certificate of Service: When any attorney shall in substance certify:
"I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ______, 19__.
 ___________
 Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
Committee Note: Same as prior rule; (a) amended by deleting reference to trial on affidavit.

3.040. COMPUTATION OF TIME.
In computing any period of time prescribed or allowed by these rules, except Rule 3.130, by order of court, or by any applicable statute, the day of the act or event from which the designated period of times begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
Committee Note: Same as prior rule.

3.050. ENLARGEMENT OF TIME.
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by statute or elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal.
Committee Note: Same as prior rule.

*78 3.060. TIME FOR SERVICE OF MOTIONS AND NOTICE OF HEARING.
A copy of any written motion which may not be heard EX PARTE and a copy of the notice of the hearing thereof, shall be served on the adverse party a reasonable time before the time specified for the hearing.
Committee Note: Same as prior rule.

3.070. ADDITIONAL TIME AFTER SERVICE BY MAIL.
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.
Committee Note: Same as prior rule.

3.080. PLEADINGS TO BE SIGNED BY ATTORNEY.
Every written pleading or paper of a party represented by an attorney shall be signed in his individual name by such attorney, whose address shall be stated, and he may be required by an order of court to vouch for his authority to represent such party. Except when otherwise specifically provided by these rules, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or paper; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or paper had not been served.
Committee Note: Same as prior rule.

3.090. PLEADINGS TO BE SIGNED BY UNREPRESENTED DEFENDANT.
A defendant who has no attorney but represents himself shall sign his written pleading and state his address.
Committee Note: Same as prior rule.

3.100. ATTORNEY NOT TO BE SURETY.
No attorney or other officer of court shall enter himself or be taken as bail or surety in any proceeding.
Committee Note: Reference to sanction of contempt deleted. The imposition of sanction is within the inherent power of the court and for this reason the committee felt it inappropriate to particularize the sanction to be imposed.

3.110. TELEVISING, PHOTOGRAPHING, RADIO BROADCASTING OF TRIAL.
The taking of television pictures or other photographs in or of the courtroom during the progress of judicial proceedings or radio broadcasting of judicial proceedings from the courtroom shall not be permitted by the court.
Committee Note: Same as prior rule.

3.111. PROVIDING COUNSEL TO INDIGENTS.
(a) When Counsel Provided: A person entitled to appointment of counsel as provided herein shall have counsel appointed when he is formally charged with an offense, or as soon as feasible after custodial restraint or upon his first appearance before a committing magistrate, whichever occurs earliest.
(b) Cases Applicable:
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned in the event he is convicted.
*79 (2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings which are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3) Counsel may be provided to a partially indigent person upon his request provided that person shall defray that portion of the cost of such representation and the reasonable costs of investigation as he is able to without substantial hardship to himself or his family, as directed by the court.
(4) "Indigent" as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family; "partially indigent" as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himself or his family.
(c) Duty of Booking Officer:
In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) He shall immediately advise the defendant:
(i) of his right to counsel;
(ii) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer he cannot afford counsel, said officer shall immediately and effectively place said defendant in communication with the (office of) Public Defender of the circuit in which the arrest was made.
(3) If the defendant indicates he has an attorney or is able to retain an attorney, the officer shall immediately and effectively place said defendant in communication with his attorney or the Lawyer Referral Service of the local bar association.
(4) The Public Defender of each Judicial Circuit may upon being contacted by, or on behalf of a defendant who is, or represents himself to be indigent as defined by law, forthwith interview said defendant and
(i) If the defendant is in custody and reasonably appears to be indigent, the Public Defender shall tender to him such advice as is indicated by the facts of the case; seek the seting of a reasonable bail and otherwise represent such defendant pending a formal judicial determination of indigency.
(ii) If the defendant is at liberty on bail or otherwise not in custody, the Public Defender shall elicit only such information from the defendant as may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigency. If the court finds the defendant indigent, it shall immediately appoint counsel to represent said defendant.
(d) Waiver of Counsel:
(1) The failure of a defendant to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, *80 age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
Committee Note: 3.111. Part 1 of the ABA Standard relating to Providing Defense Services deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
(a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time when counsel should be appointed and who should notify defendant's counsel. The commentary in the ABA Standard under 5.1a,b, convinced the committee to the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal cases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such Standard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
(c) Based upon recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused himself to contact a lawyer.
(d) From Standard 7.2 and the commentaries thereunder.

3.115. DUTIES OF STATE ATTORNEY; CRIMINAL INTAKE.
The state attorney shall provide the personnel or procedure for criminal intake in the judicial system. All sworn complaints charging the commission of a criminal offense shall be filed in the office of the clerk of the circuit court and delivered to the state attorney for further proceeding. This rule shall take effect at 11:59 p.m., Eastern Standard Time, January 1, 1973.

III. PRELIMINARY PROCEEDINGS

3.120. COMMITTING MAGISTRATE.
Each state and county judge is a committing magistrate and may issue a summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts which show that such person violated a criminal law of this State within the jurisdiction of the magistrate to whom the complaint is presented. The magistrate may take testimony under oath to determine if there is reasonable ground to believe the complaint is true. The magistrate may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge him from custody or from any undertaking to appear. The magistrate may authorize the clerk to issue a summons.
Committee Note: Substantially same as former rule. Altered to incorporate the provision for testimony under oath formerly contained in Rule 3.121(a), and authorizes *81 the execution of the affidavit before a notary or other persons authorized to administer oaths.

3.121. ARREST WARRANT.
(a) An arrest warrant, when issued shall:
(1) Be in writing and in the name of the State of Florida;
(2) Set forth substantially the nature of the offense;
(3) Command that the person against whom the complaint was made be arrested and brought before a magistrate;
(4) Specify the name of the person to be arrested or, if his name is unknown to the magistrate, designate such person by any name or description by which he can be identified with reasonable certainty;
(5) State the date when issued and the County where issued;
(6) Be signed by the magistrate with title of his office; and
(7) In all offenses bailable as of right be endorsed with the amount of bail and the return date.
(b) No arrest warrant shall be dismissed nor shall any person in custody be discharged because of any defect as to form in the warrant; but, the warrant may be amended by the magistrate to remedy such defect.
Committee Note: (a) of existing rule has been deleted, as its substance is now contained in Rules 3.120 and 3.130; (b) has been renumbered as (a); (c) has been renumbered as (b).
Former Rule 3.122 transferred to 3.131 in order to present a more accurate chronology.

RULE 3.130. PRE-TRIAL RELEASE.
(a) Offenses Less Than Capital. All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be entitled as of right to be admitted to bail before conviction. After conviction bail may be granted in the discretion of either the trial or appellate court.
(b) First Appearance.
(1) Prompt First Appearance.
Except when he has been previously released in a lawful manner, every arrested person shall be taken before a judicial officer within twenty-four (24) hours of his arrest. The chief judge of the circuit for each county within the circuit shall designate one or more judicial officers from the circuit court, or county court, to be available for first appearance and proceedings.
(2) Advice to Defendant.
Upon the defendant's first appearance the magistrate shall immediately inform him of the charge and provide him with a copy of the complaint. The magistrate shall also adequately advise the defendant as follows:
(i) That he is not required to say anything, and that anything he says may be used against him;
(ii) If he is as yet unrepresented, that he has a right to counsel, and, if he is financially unable to afford counsel, that counsel forthwith will be appointed;
(iii) That he has a right to communicate with his counsel, his family, or his friends, and that, if necessary, reasonable means will be provided to enable him to do so.
(3) Counsel for the Defendant.
(i) Appointed counsel. Where practicable, the magistrate should determine prior to the first appearance whether the defendant is financially able to afford counsel and whether he desires representation. *82 When the magistrate determines that the defendant is entitled to court-appointed counsel and desires counsel, he shall immediately appoint counsel. This determination must be made and, where required, counsel appointed no later than the time of the first appearance, and prior to any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the magistrate.
(ii) Retained counsel. Where the defendant has employed, or is financially able and desires to employ, counsel to represent him at first appearance, the magistrate shall allow the defendant a reasonable time to send for counsel and shall, if necessary, postpone the first appearance hearing for such purpose. The magistrate shall also, upon request of the defendant, require an officer to communicate a message to such counsel as the defendant may name. The officer shall with diligence, and without cost to the defendant if the counsel is within the county, perform the duty. If the postponement will likely result in the continued incarceration of the defendant beyond a 24-hour period, at the request of the defendant the magistrate may appoint counsel to represent the defendant for the limited purpose of the first appearance hearing.
(iii) No further steps in the proceedings should be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel.
(iv) Waiver of counsel. The defendant may waive his right to counsel at first appearance and if he does so, such waiver, containing an explanation of his right to counsel, shall be in writing and signed and dated by the defendant. This written waiver of counsel shall, in addition, contain a statement that it is limited to first appearance only and shall in no way be construed to be a waiver of counsel for subsequent proceedings.
(4) Hearing at First Appearance.
The purpose of bail is to insure the defendant's appearance. The judge shall, therefore, at the defendant's first appearance, consider all available relevant factors to determine whether bail is necessary to assure the defendant's appearance and, if so, the amount of bail. The judge may, in his discretion, release a defendant on his own recognizance.
(c) Subsequent Application for Bail or Reduction of Bail:
(1) When a committing magistrate, not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or is alleged to be excessive, application by motion may be made to the court having jurisdiction to try defendant, or in the absence of the judge of said trial court, to the circuit court.
(2) In the event any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court, or district court of appeal, notice shall be given to the attorney general.
(d) Application for Bail Denied: If application for bail is made to an authorized court and denied, no court of inferior jurisdiction shall admit applicant to bail, unless such court of inferior jurisdiction is the court having jurisdiction to try the defendant.
*83 (e) Bail Before Conviction; Condition of the Undertaking:
(1) If a person is admitted to bail for his appearance for a preliminary hearing, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he will appear for such hearing, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave.
(2) If he is admitted to bail after he has been held to answer by a magistrate, or after an indictment or information on which he is to be tried has been filed against him, the condition of the undertaking shall be that he will appear to answer the charges before the court in which he may be prosecuted and submit to the orders and process of the court, and will not depart without leave.
(f) Increase or Reduction of Bail: The court in which a prosecution is pending may for good cause, after notice, either increase or reduce the amount of bail or require new or additional bail.
(g) Revocation of Bail: The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit him to the custody of the proper official to abide the judgment, sentence and any further order of the court.
(h) Arrest and Commitment by Court: The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail in the following cases:
(1) When there has been a breach of the undertaking;
(2) When it appears that his sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state;
(3) When the court is satisfied that the bail should be increased or new or additional security required;
(4) When an indictment has been found or information filed against the defendant for an offense for which he is not bailable.
The order for the commitment of the defendant shall recite generally the facts upon which it is based, and shall direct that the defendant be arrested by any official authorized to make arrests, and that the defendant be committed to the official in whose custody he would be had he not been given bail, to be detained by such official until legally discharged. The defendant shall be arrested pursuant to such order upon a certified copy thereof, in any county, in the same manner as upon a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment or because an indictment has been found against him, for an offense for which he is not bailable, the defendant shall be committed. If the order is made for any other cause and the defendant is bailable the court may fix the amount of bail and direct in the order that the defendant be admitted to bail in the sum fixed, which sum shall be specified in the order.
(i) Bail After Recommitment: If the defendant applies to be admitted to bail after recommitment and he is bailable, he shall be admitted to bail by the court which recommitted him.
(j) Qualifications of Surety After Order of Recommitment: If the defendant offers bail after recommitment, each surety shall possess the qualifications and sufficiency, and the bail shall be furnished in all respects in the manner, prescribed for admission to bail before recommitment.
(k) Issuance of Capias; Bail Specified: Upon the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest of such person. Upon the filing of the indictment *84 or information, the judge shall indicate the amount of bail, if the offense is bailable, in which case an endorsement shall be made on the capias and signed by the judge or clerk, to the following effect: The defendant is to be admitted to bail in the sum of __________ dollars.
(1) Summons Upon Misdemeanor Charge:
When a complaint is filed charging the commission of a misdemeanor only and the magistrate deems that process should issue as a result or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only and the person named in it is not in custody or at large on bail for the offense charged, the magistrate or judge shall direct the clerk to issue a summons instead of a capias unless the magistrate or judge has reasonable ground to believe that the person will not appear in response to a summons in which event an arrest warrant or a capias shall be issued with the amount of bail endorsed on it. The summons shall state substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the judge issuing the summons or the judge having jurisdiction of the offense at a time and place stated in it.
(m) Summons When Defendant is Corporation: Upon the filing of an indictment or information or complaint charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge shall direct the clerk to issue or shall issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty shall be entered and trial and judgment shall follow without further process.
Committee Note: Same as prior rule except (b), which is new.

3.131. PRELIMINARY HEARING.
(a) A defendant, unless charged in an information or indictment, has the right to a preliminary hearing on any felony charge against him. At the time of the preliminary hearing the magistrate shall inform the defendant of the charge and provide him with a copy thereof. The magistrate shall also explain to the defendant the purpose of the preliminary hearing and that he has a right to have or waive a preliminary hearing on the charges. In addition, the magistrate shall also adequately advise the defendant as follows:
(1) That he is not required to say anything, and that anything he says may be used against him;
(2) If he is as yet unrepresented, that he has a right to counsel, and, if he is financially unable to afford counsel, that counsel forthwith will be appointed;
(3) That he has a right to communicate with his counsel, his family, or his friends, and that, if necessary, reasonable means will be provided to enable him to do so.
(b) In all cases where the defendant is in custody, except capital offenses or offenses punishable by life imprisonment, the preliminary hearing shall be held within seventy-two hours from the time of the defendant's first appearance. In all capital offenses and offenses punishable by life imprisonment, and in all cases where the defendant is not in custody, the preliminary hearing shall be held within seven days of the time of the defendant's first appearance.
(c) Waiver of Preliminary Hearing:
(1) The defendant may, with the advice of counsel, waive a preliminary hearing. If the defendant has waived his right to counsel, he may waive a preliminary hearing without the advice of counsel. The waiver shall be in writing signed by the defendant and endorsed by his counsel, if any. If the defendant waives preliminary hearing, the magistrate shall forthwith hold the defendant to answer to the court having trial jurisdiction.
(2) Notwithstanding a waiver of the hearing by the defendant, the magistrate, *85 on the demand of the prosecuting attorney, shall examine the witnesses for the state. After hearing the testimony, if it appears that there is no probable cause to believe the defendant guilty of any offense, the magistrate shall order that he be discharged.
(d) Summoning of Witnesses: The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state, for the state or the defendant.
(e) Presence of Defendant and Cross-Examination of Witnesses: All witnesses shall be examined in the presence of the defendant and may be cross-examined.
(f) Examination of Witnesses for Defendant: At the conclusion of the testimony for the prosecution the defendant shall, if he so elects, be sworn and testify in his own behalf, and in such cases be rewarned in advance that anything he may say can be used against him at a subsequent trial. He may be cross-examined as other witnesses, and any witness offered by him shall be sworn and examined.
(g) Exclusion of Witnesses at Defendant's Request: Prior to the examination of any witness in the cause, the magistrate may, and on the request of the defendant shall, exclude all other witnesses. The magistrate also may cause the witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(h) Record of the Proceedings: At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means, and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to defendant or his counsel.
(i) Action After Hearing: If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall forthwith hold the defendant to answer to the circuit court; otherwise, the magistrate shall discharge him.
(j) Transmission of Papers by Magistrate:
(1) Where the magistrate has discharged the defendant, or has held him to answer, he shall transmit within three days thereafter to the clerk of the circuit court:
(i) The complaint and warrant;
(ii) The recognizance or undertaking for the appearance of witnesses;
(iii) A copy of the order discharging or holding the defendant;
(iv) Every article, writing, money, or other exhibit received in evidence; provided, however, that such articles, writings, money or other exhibits so used in evidence before said magistrate be returned to the owner thereof upon written order of the judge of the court having jurisdiction to try the defendant;
(v) Any magistrate who refuses or fails to transmit the papers and articles so mentioned may be ordered to do so by the court having trial jurisdiction of the offense charged, and if he disobeys such orders may be held for contempt.
(2) If the record, or any part thereof, of the proceeding is transcribed and filed, the magistrate shall at such time transmit such record to the clerk of the court having trial jurisdiction of the offense.
Committee Note: The ABA Standards on Pre-Trial Release provide for a person arrested to be taken before a committing magistrate without unreasonable delay for immediate judicial consideration of the release decision. The Committee determined that, since a determination of probable *86 cause at this immediate hearing presents difficult logistical problems for the State and for the defense counsel, the question of probable cause should be decided at a later preliminary hearing. For this reason, sections (c), (d) and (e) of the former Rule have been deleted in favor of the hearing provision now contained in Rule 3.130.
(a) A revised version of former Rule 3.122(a).
(b) New. Establishes the time period in which the preliminary hearing must take place.
(c) (1) Substantially the same as former Rule 3.122(b). Amended to provide for advice of counsel relative to waiver, and to provide for written waiver.
(c) (2) Amended to delete provisions relating to recording of proceedings as same are now contained in subparagraph (h).
(d) Same as prior rule 3.122(g).
(e) Same as prior rule 3.122(h).
(f) Substantially the same as prior rule 3.122(i); language modernized by slight changes.
(g) Same as prior rule 3.122(j).
(h) New rule to provide for record of proceedings.
(i) Same as prior rule 3.122(k) (2).
(j) Substantially the same as prior rule 3.122(m). Time period for transmission of papers is reduced. (2) Provides for transmission of any transcript of proceedings.

3.140. INDICTMENTS; INFORMATIONS.
(a) Methods of Prosecution.
(1) Capital Crimes. An offense which may be punished by death shall be prosecuted by indictment.
(2) Other Crimes. The prosecution of all other criminal offenses shall be as follows:
In circuit courts and county courts, prosecution shall be solely by indictment or information, except that prosecution in county courts for violations of municipal ordinances, may be by affidavit or docket entries. A grand jury may indict for any offense. When a grand jury returns an indictment for an offense not triable in the circuit court, the circuit judge shall either issue a summons returnable in the county court, or shall bail the accused for trial in the county court, and such judge, or at his direction, the clerk of the circuit court shall certify the indictment and file same in the records of the county court.
(b) Nature of Indictment or Information. The indictment or information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.
(c) Caption, Commencement and Date.
(1) Caption. No formal caption is essential to the validity of an indictment or information upon which the defendant is to be tried. Upon objection made as to its absence a caption shall be prefixed in substantially the following manner:
In the (name of Court)
State of Florida versus (name of defendant)
Any defect, error or omission in a caption may be amended as of course, at any stage of the proceeding, whether before or after a plea to the merits, by court order.
(2) Commencement. All indictments or informations upon which the defendant is to be tried shall expressly state that the prosecution is brought in the name and by the authority of the State of Florida. Indictments shall state that the defendant is charged by the grand jury of the county. *87 Informations shall state that the appropriate prosecuting attorney makes the charge.
(3) Date. Every indictment or information on which the defendant is to be tried shall bear the date (day, month, year) that it is filed in each court in which it is so filed.
(d) The Charge:
(1) Allegation of Facts; Citation of Law Violated. Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.
(2) Name of Accused. The name of the accused person shall be stated, if known, and if not known, he may be described by any name or description by which he can be identified with reasonable certainty. If the grand jury, prosecuting attorney or affiant making the charge does not know either the name of the accused or any name or description by which he can be identified with reasonable certainty, the indictment or information as the case may be, shall so allege and the accused may be charged by a fictitious name.
(3) Time and Place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
(4) Allegation of Intent to Defraud. When an intent to defraud is required as an element of the offense to be charged, it shall be sufficient to allege an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded.
(e) Incorporation by References. Allegations made in one count shall not be incorporated by reference in another count.
(f) Endorsement and Signature; Indictment. An indictment shall be signed by the foreman or the acting foreman of the grand jury returning it. The state attorney or acting state attorney or an assistant state attorney shall make and sign a statement on the indictment to the effect that he has advised the grand jury returning the indictment as authorized and required by law. No objection to the indictment on the ground that the statement has not been made shall be entertained after the defendant pleads to the merits.
(g) Signature and Oath; Information. An information charging the commission of a felony shall be signed by the state attorney under oath stating his good faith in instituting the prosecution. An information charging the commission of a misdemeanor shall be signed by the state attorney or an assistant state attorney under oath stating his good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.
(h) Conclusion. An indictment or information on which the defendant is to be tried need contain no formal conclusion.
(i) Surplusage: An unnecessary allegation may be disregarded as surplusage and, upon motion of the defendant, may be stricken from the pleading by the court.
(j) Amendment of Information: An information upon which the defendant is to be tried which charges an offense may be *88 amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects.
(k) Form of Certain Allegations: Allegations concerning the following items may be alleged as indicated below:
(1) Description of Written Instructions. Instruments consisting wholly or in part of writing or figures, pictures, or designs may be described by any term by which they are usually known or may be identified, without setting forth a copy or facsimile thereof.
(2) Words; Pictures. Necessary averments relative to spoken or written words or pictures may be made by the general purport of such words or pictures without setting forth a copy or facsimile thereof.
(3) Judgments; Determinations; Proceedings. A judgment, determination or proceeding of any court or official, civil or military, may be alleged generally in such a manner as to identify such judgment, determination or proceeding, without alleging facts conferring jurisdiction on such court or official.
(4) Exceptions; Excuses; Provisos. Statutory exceptions, excuses or provisos relative to offenses created or defined by statute need not be negatived by allegation.
(5) Alternative or Disjunctive Allegations. For an offense which may be committed by doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.
(6) Offenses Divided into Degrees. For an offense divided into degrees it is sufficient to charge the commission of the offense without specifying the degree.
(7) Felonies. It shall not be necessary to allege that the offense charged is a felony or was done feloniously.
(l) Unless the defendant named therein has been previously released on a citation, order to appear, personal recognizance or bail, or has been summoned to appear, or unless otherwise ordered by the court having jurisdiction, all indictments or informations and the records thereof shall be in the custody of the clerk of the court to which they are presented and shall not be inspected by any person other than the judge, clerk, attorney general and prosecuting attorney until the defendant is in custody or until one year has elapsed between the return of an indictment or the filing of an information, after which time they shall be opened for public inspection.
(m) Defendant's Right to Copy of Indictment, Information: Each person who has been indicted or informed against for an offense shall, upon application to the clerk, be furnished a copy of the indictment or information and the endorsements thereon, at least twenty-four hours before he is required to plead to such indictment or information if a copy has not been so furnished to him. A failure to furnish such copy shall not affect the validity of any subsequent proceeding against the defendant if he pleads to the indictment or information.
(n) Statement of Particulars: The court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
(o) Defects and Variances: No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or *89 information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Committee Note: Substantially the same as prior rule. References to trial by affidavit have been deleted throughout this rule and all rules of Criminal Procedure because of the passage of the 1972 amendment to Article V of the Florida Constitution.
(a) (2) Amended to refer only to Circuit Courts and County Courts. Reference to trial of vehicular traffic offenses transferred to Rule 3.010 and made applicable to all Rules of Criminal Procedure.
Former rule (d)(4) and (d)(5) transferred to New Rule 3.150. Former rule (d)(6) renumbered as (d)(4).

3.150. JOINDER OF OFFENSES AND DEFENDANTS.
(a) Joinder of Offenses. Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions.
(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information upon which they are to be tried:
(1) when each defendant is charged with accountability for each offense charged;
(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to have been committed in furtherance of the conspiracy; or
(3) when, even if conspiracy is not charged and all defendants are not charged in each county, it is alleged that the several offenses charged were part of a common scheme or plan.
Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.
Committee Note: Provisions of former Rule 3.150 are transferred to and incorporated in Rule 3.130, Pre-Trial Release.
(a) Substantially the same as Former Rule 3.140(d)(4) except that it omits proviso that the court have jurisdiction to try all offenses charged. The proviso seems redundant.
(b) Substantially the same as ABA Standard 1.2 but omits sub-paragraph (c) (2) which would permit joinder of charges "so closely connected in respect to time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others." The ABA commentary on this Standard concedes that in such cases the chances are considerable that defendants would have a right to severance. Difficulty of separating proof is a good reason for denying a right to join charges. The Committee is of the opinion that defendants not connected in the commission of an act and not connected by conspiracy or by common scheme or plan should not, under any circumstances, be joined. The Suggested Rule omits the provision of former Rule 3.140(d)(4) permitting joinder of two or more defendants in a single indictment or information, if they are alleged to have participated in the same series of acts or transactions constituting more than one offense. If all defendants participated in a series of connected acts or transactions constituting two or more offenses, the offenses can be joined under the Rule 3.150(a).
The last sentence of the Suggested Rule is the last sentence of former Rule 3.140(d) (5).

*90 3.151. CONSOLIDATION OF RELATED OFFENSES.
(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
(b) Two or more indictments or informations charging related offenses shall be consolidated for trial on a timely motion by a defendant. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information. A defendant's failure to timely move for consolidation constitutes a waiver of his right to consolidation.
(c) When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by such defendant for consolidation of such charges has been previously denied, or unless such defendant has waived his right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging such other offense or offenses.
(d) A defendant may plead guilty or nolo contendere to a charge of one offense on condition that other charges or related offenses be dismissed or that no charges of other related offenses be instituted. Should the court find that such condition cannot be fulfilled, the plea shall be considered withdrawn.
Committee Note:
(a) To same general effect as ABA Standard with changes to conform to Florida Rule 3.150(a) and 3.190(k).
(b) Limits motion for consolidation to defendant and provides that defendant waives his right to consolidation by failing to file a timely motion. Under standards relating to joinder of offenses and defendants, the prosecution may avoid the necessity for consolidation by charging offenses and defendants in a single indictment or information where consolidation is permissible. Omits provision of ABA Standard authorizing denial of consolidation if prosecuting attorney does not have "sufficient evidence to warrant trying" one of the "offenses" or if the court finds that the ends of justice would be defeated by consolidation. The lack of "sufficient evidence to warrant" trial of one of several charges of "related offenses" would be quite rare. In the rare case where there is such a lack of evidence the appropriate remedy would be a motion for continuance of all pending charges of related offenses, showing that the lack of evidence could probably be cured by a reasonable delay. The Committee does not favor separate trials of charges of related offenses over the defendant's objection.
(c) Florida has no similar rule. Omits exception in ABA Standard in case "the prosecuting attorney did not have sufficient evidence to warrant trying (the) offense" or upon a finding that "the ends of justice would be defeated if the motion was granted." See comment on (b). The rule is not intended to restrict defendant's substantive rights.
(d) Florida has no similar rule. The first sentence of ABA Standard is considered by the Committee to state a rule of substantive law and is omitted as unnecessary.

3.152. SEVERANCE OF OFFENSES AND DEFENDANTS.
(a) Severance of offenses.
(1) In case two or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant.
*91 (i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or
(ii) during trial, only with defendant's consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.
(b) Severance of defendants.
(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
(i) before trial, upon a showing that such order is necessary to protect a defendant's right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of one or more defendants; or
(ii) during trial, only with defendant's consent and upon a showing that such order is necessary to achieve a fair determination of the guilt or innocence of one or more defendants.
(2) If a defendant moves for a severance of defendants on the ground that an oral or written statement of a co-defendant makes reference to him but is not admissible against him, the court shall determine whether the State will offer evidence of the statement at the trial. If the State intends to offer the statement in evidence, the court shall order the State to submit its evidence of such statement for consideration by the court and counsel for defendants and if the court determines that such statement is not admissible against the moving defendant, it shall require the State to elect one of the following courses:
(i) a joint trial at which evidence of the statement will not be admitted;
(ii) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of such evidence with deletions will not prejudice the moving defendant; or
(iii) severance of the moving defendant.
(3) Failure to prove grounds for joinder of defendants.
In cases where, at the close of the State's case or at the close of all of the evidence, the evidence is not sufficient to support a finding that allegations on which the joinder of a defendant is based have been proved, the court shall, on motion of that defendant, grant a severance unless the court finds that severance is unnecessary to achieve a fair determination of that defendant's guilt or innocence.
Committee Note:
(a)(1) Severance on timely motion by defendant is mandatory where multiple offenses are improperly joined.
(a)(2) Provides for severance of offenses before trial on showing that severance will promote a fair determination of guilt or innocence substantially as provided by former rule 3.190(j)(2) and, unlike any Florida Rule, distinguishes motion during trial.
(b)(1) Based on ABA Standard 2.3(b).
Expands Florida Rule 3.190(j) to include defendant's right to speedy trial as ground for severance and, unlike any Florida rule, distinguishes between motion before and motion during trial.
(b)(2) Based on ABA Standard 2.3, sub-paragraphs (a) and (c). Requires court to determine whether the statement will be offered as distinguished from asking the State its intention. Requires production of evidence of the statement in the event it will be offered so that the court and counsel can intelligently deal with the problem. Florida has no similar rule.
(b)(3) Substantially the same as ABA Standard, except that the proposed Rule requires severance unless the court affirmatively finds that severance is unnecessary. Florida has no similar rule.

*92 3.153. TIMELINESS OF DEFENDANT'S MOTION; WAIVER.
(a) A defendant's motion for severance of multiple offenses or defendants charged in a single indictment or information shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for such a motion, but the court in its discretion may entertain such a motion at the trial. The right to file such a motion is waived if it is not timely made.
(b) If a defendant's pre-trial motion for severance is overruled, he may renew the motion on the same grounds at or before close of all the evidence at the trial.
Committee Note:
(a) Relates solely to defendant's motion for severance. Florida has no similar rule.
(b) Florida has no similar rule.

IV. ARRAIGNMENT AND PLEAS

3.160. ARRAIGNMENT.
(a) Nature of Arraignment. The arraignment shall be conducted in open court and shall consist of the judge or clerk or prosecuting attorney reading the indictment or information upon which the defendant will be tried to the defendant or stating orally to him the substances of the charge or charges and calling upon him to plead thereto. Such reading or statement as to the charge or charges may be waived by the defendant. If the defendant is represented by counsel, his counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
(b) Effect of Failure to Arraign or Irregularity of Arraignment. Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the indictment or information on which the defendant is to be tried or proceeds to trial without objection to such failure or irregularity.
(c) Plea of Guilty After Indictment or Information Filed. If a person who has been indicted or informed against for any offense, but who has not been arraigned, desires to plead guilty thereto, he may so inform the court having jurisdiction of the offense, and such court shall, as soon as convenient, arraign the defendant and permit him to plead guilty to the indictment or information.
(d) Time to Prepare for Trial. After a plea of not guilty the defendant is entitled to a reasonable time in which to prepare for trial.
(e) Defendant Not Represented by Counsel. Prior to arraignment of any person charged with the commission of a crime, if he is not represented by counsel the court shall advise him of his right to counsel and if he is financially unable to obtain counsel, of his right to be assigned court-appointed counsel to represent him at such arraignment and at all subsequent proceedings to be represented by counsel, and further, shall execute an affidavit that he is unable financially or otherwise to obtain counsel, and if the court shall determine such reason to be true, the court shall appoint counsel to represent him.
If the defendant, however, understandingly waives representation by counsel, he shall execute a written waiver of such representation which shall be filed in the case. If counsel be appointed, a reasonable time shall be accorded to such counsel before the defendant shall be required to plead to the indictment or information upon which he is to be arraigned or tried, or otherwise to proceed further.
Committee Note: Substantially the same as prior Rule. The Committee considered changes recommended by The Florida Bar and incorporated the proposed change relating to written plea of not guilty and waiver of arraignment.

3.170. PLEAS.
(a) Types of Plea; Court's Discretion. A defendant may plead not guilty, guilty, *93 or, with the consent of the court, nolo contendere. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record; but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to other Charges. Having entered a plea in accord with this rule, the defendant may, with the court's permission, enter a plea of guilty or nolo contendere to any and all charges pending against him in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in a court of lesser jurisdiction, if the prosecutor in the other case or cases gives his written consent thereto. The court accepting such a plea shall make a disposition of all such charges by judgment, sentence or otherwise.
The record of such plea and its disposition shall be filed in the court of original jurisdiction of the offense.
If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
(c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information upon which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereof, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lessser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.
The fact that a defendant may have entered a plea of guilty and later withdrawn said plea, may not be used against him in a trial of that cause.
(g) Plea of Guilty to Lesser included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lessser offense than that charged which is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(h) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
(i) Time and Circumstances of Plea. No defendant, whether represented by counsel or otherwise, shall be called upon to plead unless and until he has had a reasonable time within which to deliberate thereon.
(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty.
A complete record of the proceedings at which a defendant pleads shall be kept by the court.
*94 Committee Note: This general topic is found in ABA Standard relating to pleas of guilty. The Standards are divided into three parts: receiving and acting upon a plea; withdrawal of the plea; and, plea discussions and plea agreements. The first and second parts are considered under this rule.
(a) Same as first part of existing rule; substance of second sentence of existing rule transferred to new subsection j; new provision permits, with court approval, plea of not guilty to be made in writing.
(b) From ABA Standard 1.2; the purpose of this rule is to permit a defendant to plead guilty or nolo contendere to all cases pending against him, thus avoiding multiple judicial and prosecutorial labors. New concept of permitting this procedure even though the other cases are pending in other counties is taken from Federal Rule 20 which has successfully met the purpose explained above.
(c) Same as prior rule.
(d) Same as prior rule.
(e) Same as prior rule.
(f) Last sentence added from ABA Standard 2.2.
(g) Same as prior rule.
(h) Same as prior rule.
(i) This should be done in accord with the cases of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Garcia v. State, Fla. [App.], 228 So.2d 300. This should also include advising a defendant so pleading of the possibility of an action or charge against him as a multiple felon if the circumstances so warrant.
(j) From first sentence of present Rule 1.170(a) with addition of requirement of determination of factual basis for a plea of guilty as provided by last sentence of Rule 11 of Federal Rules of Criminal Procedure. While requiring the presence of a court reporter, the proposed rule does not require that the reporter transcribe and file a transcript of the proceedings on a plea of guilty or nolo contendere, although the committee considers that such a requirement by the trial judge is desirable.

3.171. PLEA DISCUSSIONS AND AGREEMENTS.
(a) The Prosecuting Attorney is encouraged to discuss and agree on pleas which may be entered by a defendant. Such discussion and agreement must be conducted with the defendant's counsel or, if the defendant is unrepresented, may be conducted with defendant.
(b) Defense counsel shall not conclude any plea bargaining on behalf of a defendant-client without his client's full and complete consent thereto, being certain that any decision to plead guilty or nolo contendere is made by the defendant.
Defense counsel shall advise defendant of all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea, the likely results thereof as well as any possible alternatives which may be open to him.
(c) Responsibilities of the Trial Judge. After an agreement on a plea has been reached, the trial judge may, with the consent of the parties, have made known to him the agreement and reasons therefor prior to the acceptance of the plea. The terms of the agreement shall be placed in the record. He shall thereafter advise the parties of whether other factors (unknown at the time) may make his concurrence impossible. Should such other factors make ultimate judicial concurrence impossible, any plea of guilty or nolo contendere entered based upon such agreement may thereafter be withdrawn.
(d) Discussion and Agreement Not Admissible. If the defendant pleads not guilty, no mention of any prior proceedings hereunder shall be admissible against him.
Committee Note: New in Florida. Most criminal cases are disposed of by pleas of *95 guilty arrived at by negotiations between prosecutor and defense counsel; but, there was no record of the "plea negotiations," "plea bargaining," or "compromise." The result has been a flood of post conviction claims which require evidentiary hearings and frequently conflicting testimony concerning the plea negotiations. There has also been criticism of the practice of requiring a defendant, upon a negotiated guilty plea, to give a negative reply to the court's inquiry concerning any "promise" made to him. This is designed to avoid the foregoing pitfalls and criticisms by having the negotiations made of record and permitting some control of them. See Commentary to Standard 3.1 ABA Standards relating to Pleas of Guilty.
(a) From Standard 3.1a.
(b) From Standard 3.2.
(c) From Standard 3.3 except for omission of that part of standard which prohibits trial judge from participating in plea discussions.
(d) From Standard 3.4.

3.180. PRESENCE OF DEFENDANT.
(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
(1) At first appearance;
(2) When a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of Rule 3.170(a);
(3) At any pre-trial conference; unless waived by Defendant in writing;
(4) At the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(5) At all proceedings before the court when the jury is present;
(6) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
(7) At any view by the jury;
(8) At the rendition of the verdict;
(9) At the pronouncement of judgment and the imposition of sentence.
(b) Defendant Absenting Himself. If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial or before the verdict of the jury shall have been returned into court, voluntarily absent himself from the presence of the court without leave of court, or is removed from the presence of the court because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(c) Defendant May Be Tried in Absentia for Misdemeanors. Persons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance at any or all of the proceedings aforesaid.
(d) Presence of Corporation. A corporation may appear by counsel at all times and for all purposes.
Committee Note: Same as prior Rule except (3) added to conform to Rule 3.220(k); other sections renumbered.

V. PRETRIAL MOTIONS AND DEFENSES

3.190. PRE-TRIAL MOTIONS.
(a) Pre-Trial Motions in General. Every pre-trial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good *96 cause shown. Each such motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party's attorney before the time the original is filed. A certificate of service must accompany the filing of any such pleading.
(b) Motion to Dismiss.
Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The Defendant is charged with an offense for which he had been pardoned; or
(2) The Defendant is charged with an offense of which he has previously been placed in jeopardy; or
(3) The Defendant is charged with an offense for which he has previously been granted immunity; or
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision of the motion. A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If he has been released on bail he and his sureties shall be exonerated; if money or bonds have been deposited as bail such money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing Section 924.07(1), Florida Statutes (1969), F.S.A., the statutory term "order quashing" shall be taken and held to mean "order dismissing."
(g) Motion for Continuance.
(1) Definition. A continuance within the meaning of this rule is the postponement of a cause for any period of time.
(2) Cause. The court on motion of the State or a defendant or upon its own motion may in its discretion for good cause shown grant a continuance.
(3) Time for Filing. A motion for continuance may be made only before or at *97 the time the case is set for trial, unless good cause for failure to so apply is shown or unless the ground for the motion arose after the cause was set for trial.
(4) Certificate of Good Faith. A motion for continuance shall be accompanied by a certificate of the movant's counsel that the motion is made in good faith.
(5) Affidavits. The party applying for a continuance may file affidavits in support of his motion, and the adverse party may file counter-affidavits in opposition to the motion.

(h) Motion to Suppress Evidence in Unlawful Search

(1) Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
(1) The property was illegally seized without a warrant, or
(2) The warrant is insufficient on its face, or
(3) The property seized is not that described in the warrant, or
(4) There was no probable cause for believing the existence of the grounds on which the warrant was issued, or
(5) The warrant was illegally executed.
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.

(i) Motion to Suppress a Confession or Admissions Illegally Obtained.

(1) Grounds. Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.

(j) Motion to Take Deposition to Perpetuate Testimony.

(1) After an indictment or information upon which a defendant is to be tried is filed, the defendant or the State may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. If the application is made within ten days before the trial date, the court may deny the application.
(2) If the defendant or the State desires to perpetuate the testimony of a witness living in or out of the State whose testimony is material and necessary to the case, the *98 same proceedings shall be followed as provided in the preceding subdivision, but the testimony of the witness may be taken before an official court reporter, transcribed by him and filed in the trial court.
(3) If the deposition is taken on the application of the State, the defendant and his attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep him in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but his failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present. The State shall pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The State shall make available to the defendant for his examination and use at the deposition any statement of the witness being deposed that is in the possession of the State and that the State would be required to make available to the defendant if the witness were testifying at trial.
(4) The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.
(5) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution and return of the commission and the opening of the depositions in civil actions shall apply in criminal cases.
(6) No deposition shall be used or read in the evidence when the attendance of the witnesses can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself by procurement, inducement or threats of any person on behalf of the State or of the defendant or of any person on his behalf, the depositions shall not be read in evidence on behalf of the defendant.
Committee Note: Subdivision (h) is amended to require the defendant to specify the factual basis behind the grounds for a motion to suppress evidence. Subdivision (1) is amended to permit the State to take depositions under the same conditions that the defendant can take them. Former sections (j) and (k) transferred to Rules 3.150, 3.151 and 3.152. Sections (l) and (m) renumbered (j) and (k) respectively. Otherwise, same as prior rule.

3.191. SPEEDY TRIAL.

(a)(1) Speedy Trial Without Demand.

Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall cease to apply whenever a person files a demand for speedy trial under § (a)(2).

*99 (a)(2) Speedy Trial Upon Demand.

Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b)(2) of this Rule if such have been initiated.

(a)(3) Commencement of Trial.

A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge.

(b)(1) Prisoners in Florida; Trial Without Demand.

Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a)(1) and (2).

(b)(2) Prisoners in Florida; Trial Upon Demand.

Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information, whether or not a detainer has been filed against such person, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within six months and if not brought to trial within such period of time for trial shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the State shall waive objection to merely formal defects in the demand so long as notice of the crime sought to be discharged and the relief otherwise sought is sufficient to inform the court and the prosecuting attorney. The period of time for trial established by this section *100 shall commence when such demand is filed and served; and such period of time for trial shall continue to run if such person is released from confinement during such time, provided the court shall ascertain before granting motion for discharge that such person has been continuously available for trial following such release. If a person who files a demand for trial or for discharge under this rule becomes involuntarily unavailable for trial, the court shall enter such orders as are in the interests of justice. A person who elects to proceed under this section may not thereafter proceed under § (a) (2) unless he first files with the court and serves upon the prosecuting attorney a waiver or abandonment of all motions or proceedings under this section.

(b)(3) Prisoners Outside Jurisdiction.

A person who is imprisoned upon conviction of a crime in a penal or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is entitled to a speedy trial upon demand filed with the court having jurisdiction and upon service on the prosecuting attorney. After the demand has been filed, such person is entitled to trial within the periods of time established by § (b)(2), commencing after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial; and if not brought to trial within such period of time shall upon motion timely filed with the court and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for return to this jurisdiction for trial during such period of time. No rights shall accrue to a person under this section if such person refuses to execute every waiver, consent or release necessary to secure his return to this jurisdiction, or if the custodial officials of the jurisdiction in which the prisoner is confined refuse to release him for return to this jurisdiction for trial while such refusal continues.
The primary burden for bringing about a speedy trial is on the defendant; however, upon demand, the State must act affirmatively to give such person a speedy trial and must employ all reasonable means to do so. A demand for speedy trial shall state the prisoner's name, place of incarceration, nature and term of sentence and tentative expiration date, and the nature and date of the charge, as well as the court and county in which said charge is pending in Florida; if a detainer has been filed, and its withdrawal is part of the relief sought, the prisoner shall so state.

(c) Demand for Speedy Trial; Accused is Bound.

A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial. Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of preparation, failure to obtain evidence or presence of witnesses, failure to have counsel, or other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule.

*101 (d)(1) Motion for Discharge; Trial; When Timely.

A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial.

(d)(2) When Time May Be Extended.

The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.

(d)(3) Continuances; Effect on Motion.

If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a co-defendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.

(e) Availability for Trial.

The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew.

(f) Exceptional Circumstances.

As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (ii) a showing by the *102 State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule; (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; (iv) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (v) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (vi) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
Under the foregoing circumstances the Court may set a new trial date within a reasonable time.

(g) Effect of Mistrial, Order of New Trial.

A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.

(h)(1) Discharge from Crime; Effect.

Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.

(h)(2) Nolle Prosequi; Effect.

The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
Committee Note: Same as prior rule. The schedule is omitted as being unnecessary.

3.200. NOTICE OF ALIBI.
Upon the written demand of the prosecuting attorney, specifying as particularly as is known to such prosecuting attorney, the place, date and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi. Not more than five days after receipt of defendant's witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses *103 of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of providing an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of such witness as particularly as is known to defendant or his attorney is not stated in such notice. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as herein provided, the court may exclude evidence offered by the State in rebuttal to the defendant's alibi evidence. If such notice is given by the prosecuting attorney, the court may exclude the testimony of any witness offered by the prosecuting attorney for the purpose of rebutting the defense of alibi if the name and address of such witness as particularly as is known to the prosecuting attorney is not stated in such notice. For good cause shown the court may waive the requirements of this rule.
Committee Note: Same as prior rule.

3.210. INSANITY.

(a) At Time of Trial.

(1) If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the Court shall immediately fix a time for a hearing to determine the defendant's mental condition. The defendant shall designate his attorney to serve as his representative under Fla. Stat. § 394.459(11), F.S.A., in the event the defendant is found mentally incompetent. The Court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
(2) If the court decides that the defendant is sane, it shall proceed to trial.
(3) If the Court decides that the defendant is insane, it shall commit him or her to the Division of Mental Health for hospitalization under the provisions of Fla. Stat. § 394.467, F.S.A. The order of commitment shall request that the defendant be examined and a written report be furnished the Court, stating (1) whether there is a substantial probability that the defendant will become mentally competent to stand trial within the foreseeable future and, if so, (2) whether progress toward that goal is being made. The defendant's attorney, as his representative, shall not waive any hearing authorized by Fla. Stat. Ch. 394, F.S.A., and shall file a report with the Court within the first six months after hospitalization and each year thereafter stating what progress, if any, is being made in the treatment of defendant. Such representative shall be authorized to consent, on behalf of defendant, to necessary surgical or medical treatment and procedures. If at any time the Division of Mental Health shall consider that the defendant is mentally competent to stand trial, the proper officer of the institution where defendant is hospitalized shall promptly notify the Court to that effect in writing and place the defendant in the custody of the sheriff. The Court shall thereupon conduct a hearing on the mental competency of the defendant.
(4) If at any time after such commitment the Court decides, after hearing, that the defendant is competent to stand trial, it shall enter its order so finding and declaring the defendant sane, after which the Court shall proceed with the trial.
(5) If at any time after such commitment the Court decides, after hearing, (1) that there is no substantial probability that the defendant will become mentally competent to stand trial within the foreseeable *104 future or (2) that no progress is being made toward that goal, it shall enter an order accordingly and shall find and adjudge the defendant not guilty by reason of insanity and forthwith direct the institution of civil proceedings for the commitment of the defendant. The defendant shall remain in custody until determination of the civil proceedings.
(6) For the purposes of any hearing held pursuant to subsection (a)(3) or subsection (a)(5), the court may appoint not more than three disinterested experts to examine the defendant and testify as to his or her mental condition at such hearing. Other evidence concerning the defendant's mental condition may be introduced at the hearing by either party.
(7) If the defendant is declared insane during the trial and afterwards declared sane, his other uncompleted trial shall not constitute former jeopardy.

(b) At Time of Offense.

When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice of such defense shall have been given by the defendant as hereinafter provided.
If the defendant upon arraignment, or prior thereto, notifies the court that he will rely upon insanity as one of his defenses, then the court will hear the parties and require the defendant to file, within such time as may be fixed by the court, a statement of particulars showing as nearly as he can the nature of insanity he expects to prove and the names and addresses of the witnesses by whom he expects to prove such insanity.
Upon the filing of said statement of particulars by the defendant, upon motion of the prosecution, the court may cause the defendant to be examined, in the presence of attorneys for the State and for the defendant, if they choose to be present, by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto.
Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense.

(c) Insanity at Time of Offense; Appointment of Expert Witnesses.

When on a prosecution by indictment or information the existence of insanity on the part of the defendant at the time of the alleged commission of the offense charged becomes an issue in the cause, the court may appoint one or more disinterested qualified experts, not exceeding three, to examine the defendant. If the court does so, the clerk shall notify the prosecuting attorney and counsel for the defendant of such appointment and shall give the names and addresses of the experts so appointed.
If the defendant is at large on bail or cited or summoned to appear, the court, if it finds that the examination cannot be conducted unless the defendant is confined, may commit him to custody pending the examination by such experts.
The appointment of experts by the court shall not preclude the State or defendant from calling expert witnesses to testify at the trial and in case the defendant is committed to custody by the court they shall be permitted to have free access to the defendant for purposes of examination or observation. The experts appointed by the court shall be summoned to testify at the trial and may be examined by the court and by counsel for the State and the defendant.
(d) If a motion under subdivision (a) or a notice under subdivision (b) of this rule is filed, the court may order the defendant taken into custody if he is not already in custody until the determination *105 of his sanity can be made. When a defendant is taken into custody, the court shall forthwith conduct the examination to determine the sanity of the defendant. The defendant shall be released on bail unless it is found that he is likely to injure himself or others.
Committee Note: Subdivision (a)(3) refer to Jackson v. Indiana, [406 U.S. 715] 92 S.Ct. 1845, p. 1854 [32 L.Ed.2d 435]; also, United States v. Curry [4 Cir.], 410 F.2d 1372. Subdivision (d) is added to give the court authority to confine an insane person who is likely to cause harm to others even though he might otherwise be entitled to bail. The amendment does not apply unless the defendant contends that he is insane at the time of trial or at the time the offense was committed. The purpose of the amendment is to prevent admittedly insane persons from being at large when there is a likelihood they may injure themselves or others.

VI. DISCOVERY

3.220. DISCOVERY.

(a) Prosecutor's Obligation.

(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement, provided, however, if the court determines in camera proceedings as provided in subsection (i) hereof that any police report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of such police report may seriously impair law enforcement or jeopardize the investigation of such other crimes or activities, the court may prohibit or partially restrict such disclosure. The court shall prohibit the State from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(iii) Any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement.
(iv) Any written or recorded statements and the substance of any oral statements made by a co-defendant if the trial is to be a joint one.
(v) Those portions of recorded grand jury minutes that contain testimony of the accused.
(vi) Any tangible papers or objects which were obtained from or belonged to the accused.
(vii) Whether the State has any material or information which has been provided by a confidential informant.

*106 (viii) Whether there has been any electronic surveillance, including wiretapping, of the premises of the accused, or of conversations to which the accused was a party; and, any documents relating thereto.
(ix) Whether there has been any search or seizure and any documents relating thereto.
(x) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.
(xi) Any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained from or belonged to the accused.
(2) As soon as practicable after the filing of the indictment or information the prosecutor shall disclose to the defense counsel any material information within the State's possession or control which tends to negate the guilt of the accused as to the offense charged.
(3) The prosecutor shall perform the foregoing obligations in any manner mutually agreeable to him and defense counsel or as ordered by the court.
(4) The court may deny or partially restrict disclosures authorized by this Rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to defense counsel.
(5) Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to defense counsel as justice may require.

(b) Disclosure to Prosecution:
(1) After the filing of the indictment or information and subject to constitutional limitations, a judicial officer may require the accused to:
(i) Appear in a line-up;
(ii) Speak for identification by witnesses to an offense;
(iii) Be fingerprinted;
(iv) Pose for photographs not involving re-enactment of a scene;
(v) Try on articles of clothing;
(vi) Permit the taking of specimens of material under his fingernails;
(vii) Permit the taking of samples of his blood, hair and other materials of his body which involves no unreasonable intrusion thereof;
(viii) Provide specimens of his handwriting; and
(ix) Submit to a reasonable physical or medical inspection of his body.
(2) Whenever the personal appearance of the accused is required for the foregoing purposes, reasonable notice of the time and place of such appearance shall be given by the prosecuting attorney to the accused and his counsel. Provisions may be made for appearances for such purposes in an order admitting the accused to bail or providing for his pre-trial release.
(3) Within seven days after receipt by defense counsel of the list of names and addresses furnished by the prosecutor pursuant to Section (a)(1)(i) of this Rule the defense counsel shall furnish to the prosecutor a written list of all witnesses whom the defense counsel expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by defense counsel, except for trial subpoenas, reasonable notice shall be given to defense counsel as to the time and place of examination pursuant to the subpoena. At such examination, defense counsel shall have the right to be present and to examine the witness.
*107 (4) If the defendant demands discovery under Section (a)(1), (ii), (x), (xi) of this Rule, the defendant shall disclose to the prosecutor and permit him to inspect, copy, test and photograph, the following information and material which corresponds to that which the defendant sought and which is in the defendant's possession or control:
(i) The statement of any person whom the defendant expects to call as a trial witness other than that of the defendant.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.
(iii) Any tangible papers or objects which the defense counsel intends to use in the hearing or trial.
Defense counsel shall make the foregoing disclosures within fifteen days after receipt by him of the corresponding disclosure from the prosecutor. Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him and the prosecutor; or as ordered by the court.
The filing of a motion for protective order by the prosecutor will automatically stay the times provided for in this section. If a protective order is granted, the defendant may, within two days thereafter, or at any time before the prosecutor furnishes the information or material which is the subject of the motion for protective order, withdraw his demand and not be required to furnish reciprocal discovery.

(c) Matters Not Subject to Disclosure:
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports or memoranda, to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney, or members of his legal staff.
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
(d) Discovery Depositions: At any time after the filing of the indictment or information the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged. The deposition shall be taken in a building where the trial may be held, such other place agreed upon by the parties or where the trial court may designate by special or general order. The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the place of taking. Except as provided herein, the procedure for taking such deposition, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or its clerk shall, upon application, issue subpoenas for the persons whose depositions are to be taken. A resident of the State may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business in person. A person who refuses to obey a subpoena served upon him may be adjudged in contempt of the court from which the subpoena issued.
(e) Investigations Not to Be Impeded: Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the accused) to refrain from discussing the *108 case with opposing counsel, or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.
(f) Continuing Duty to Disclose: If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under these rules for initial discovery.
(g) Court May Alter Times: The court may alter the times for compliance with any discovery under these rules upon good cause shown.
(h) Protective Orders: Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled must be disclosed in time to permit such party to make beneficial use thereof.
(i) In Camera Proceedings: Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or any portion of such showing to be made in camera. A record shall be made of such proceedings. If the court enters an order granting the relief following a showing in camera, the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.

(j) Sanctions:
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.
(k) Costs of Indigents: After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
(1) Pre-trial Conference: The trial court may hold one or more pre-trial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The accused shall be present unless he waives this in writing.
Committee Notes: The committee studied the ABA Standards for Criminal Justice relating to discovery and procedure before trial. Some of the Standards are incorporated in the committee's proposal, others are not. Generally, the Standards are divided into five parts:
Part I deals with policy and philosophy and while the committee approves the substance of Part I, it was determined that specific rules setting out this policy and philosophy should not be proposed.
Part II provides for automatic disclosures (avoiding judicial labor) by the prosecutor to the defense of almost everything within the prosecutor's knowledge, except for work product and the identity of confidential informants. The committee adopted much of Part II, but felt that the disclosure should not be automatic in every case; the disclosure should be made only after request or demand and within certain time limitations. The ABA Standards do not recommend reciprocity of discovery, but the committee deemed that a large degree of reciprocity is in order and made appropriate recommendations.
*109 Part III of the ABA Standards recommends some disclosure by the defense (not reciprocal) to which the State was not previously entitled. The committee adopted Part III and enlarged upon it.
Part IV of the Standards set forth methods of regulation of discovery by the court. Under the Standards the discovery mentioned in parts II and III would have been automatic and without the necessity of court orders or court intervention. Part III provides for procedures of protection of the parties and was generally incorporated in the recommendations of the committee.
Part V of the ABA Standards deals with Omnibus Hearings and pre-trial conferences. The committee rejected part of the Standards dealing with Omnibus Hearings because it felt that it was superfluous under Florida procedure. The Florida committee determined that a trial judge may, within his discretion, schedule a hearing for the purposes enumerated in the ABA Omnibus Hearing, and that a rule authorizing it is not necessary. Some of the provisions of the ABA Omnibus Hearing were rejected by the Florida committee, i.e., stipulations as to issues, waivers by defendant, etc. A modified form of pre-trial conference was provided in the proposals by the Florida committee.
(a) 1 (i) Same as ABA Standard 2.1(a) (i) and substance of Standard 2.1(e). Formerly Florida Criminal Procedure Rule 3.220(e) authorized exchange of witness lists. When considered with proposal 3.220(a)(3), it is seen that the proposal represents no significant change.
(ii) This rule is a modification of Standard 2.1(a)(ii) and is new in Florida, although some such statement might have been discoverable under Florida Criminal Procedure Rule 3.220(f). Definition of "statement" derived from 18 U.S.C. § 3500.
Requiring law enforcement officers to include irrelevant or sensitive material in their disclosures to the defense would not serve justice. Many investigations overlap and information developed as a by-product of one investigation may form the basis and starting point for a new and entirely separate one. Also, the disclosure of any information obtained from computerized records of the Florida Crime Information Center and the National Crime Information Center should be subject to the regulations prescribing the confidentiality of such information so as to safeguard the right of the innocent to privacy.
(iii) Same as Standard 2.1(a)(ii) relating to statements of accused; words, ". . known to the prosecutor, together with the name and address of each witness to the statement" added, and is new in Florida.
(iv) From Standard 2.1(a)(ii). New in Florida.
(v) From Standard 2.1(a)(iii) except for addition of words, "that have been recorded" which were inserted to avoid any inference that the proposed rule makes recording of grand jury testimony mandatory. This discovery formerly available under Florida Criminal Procedure Rule 3.220 (a)(3).
(vi) From Standard 2.1(a)(v). Words, "books, papers, documents, photographs" were condensed to "papers or objects" without intending to change their meaning. This was previously available under Florida Criminal Procedure Rule 3.220(b).
(vii) From Standard 2.1(b)(i) except word "confidential" was added to clarify meaning. This is new in this form.
(viii) From Standard 2.1(b)(iii) and is new in Florida in this form. Previously this was disclosed upon motion and order.
(ix) From Standard 2.3(a), but also requiring production of "documents relating thereto" such as search warrants and affidavits. Previously this was disclosed upon motion and order.
(x) From Standard 2.1(a)(iv). Previously available under Florida Criminal Procedure Rule 3.220(a)(2). Defendant must reciprocate under proposal 3.220(b)(4).
*110 (xi) Same committee note as (b) under this subsection.
(2) From Standard 2.1(c) except omission of words "or would tend to reduce his punishment therefor" which should be included in sentencing.
(3) Based upon Standard 2.2(a) and (b) except Standards required prosecutor to furnish voluntarily and without demand while this proposal requires defendant to make demand and permits prosecutor 15 days in which to respond.
(4) From Standards 2.5(b) and 4.4. Substance of this proposal previously available under Florida Criminal Procedure Rule 3.220(h).
(5) From Standard 2.5. New in Florida.
(b) (1) From Standard 3.1(a). New in Florida.
(2) From Standard 3.1(b). New in Florida.
(3) Standards did not recommend that defendant furnish prosecution with reciprocal witness list; however, formerly, Florida Criminal Procedure Rule 3.220(e) did make such provision. The committee recommended continuation of reciprocity.
(4) Standards did not recommend reciprocity of discovery. Previously, Florida Criminal Procedure Rule required some reciprocity. The committee recommended continuation of former reciprocity and addition of exchanging witness' statement other than defendants'.
(c) From Standard 2.6. New in Florida, but generally recognized in decisions.
(d) Not recommended by Standards. Previously permitted under Florida Criminal Procedure Rule 3.220(f) except for change limiting the place of taking the deposition and eliminating requirement that witness refuse to give voluntary signed statement.
(e) From Standard 4.1. New in Florida.
(f) Same as Florida Criminal Procedure Rule 3.220(g).
(g) From Standard 4.4 and Florida Criminal Procedure Rule 3.220(h).
(h) From Standard 4.4 and Florida Criminal Procedure Rule 3.220(h).
(i) From Standard 4.6. Not previously covered by rule in Florida, but permitted by decisions.
(j) (1) From Standard 4.7(a). New in Florida except court discretion permitted by Florida Criminal Procedure Rule 3.220(g).
(2) From Standard 4.7(b). New in Florida.
(k) Same as prior rule.
(l) Modified Standard 5.4. New in Florida.

VII. DISQUALIFICATION AND SUBSTITUTION OF JUDGE

3.230. DISQUALIFICATION OF JUDGE.
(a) The State or the defendant may move to disqualify the judge assigned to try the cause on the grounds: that the judge is prejudiced against the movant or in favor of the adverse party; that the defendant is related to the said judge by consanguinity or affinity within the third degree; or that said judge is related to an attorney or counselor of record for the defendant or the state by consanguinity or affinity within the third degree; or that said judge is a material witness for or against one of the parties to said cause.
(b) Every motion to disqualify shall be in writing and be accompanied by two or more affidavits setting forth facts relied upon to show the grounds for disqualification, and a certificate of counsel of record that the motion is made in good faith.
(c) A motion to disqualify a judge shall be filed no less than 10 days before the time the case is called for trial unless good *111 cause is shown for failure to so file within such time.
(d) The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) When the prosecuting attorney or defendant shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
Committee Note: Same as prior rule.

3.231. SUBSTITUTION OF JUDGE.
If by reason of death or disability the judge before whom a trial has commenced is unable to proceed with the trial, or posttrial proceedings, another judge, certifying that he has familiarized himself with the case, may proceed with the disposition of the case.
Committee Note: New. Follows ABA Standard 4.3, Trial by Jury. Inserted to provide for substitution of trial judge in specified instances.

VIII. CHANGE OF VENUE

3.240. CHANGE OF VENUE.
(a) The state or the defendant may move for a change of venue on the ground that a fair and impartial trial cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge.
(b) Every motion for change of venue shall be in writing and be accompanied by:
(1) Affidavits of movant and two or more other persons setting forth facts upon which the motion is based; and
(2) A certificate by the movant's counsel that the motion is made in good faith.
(c) A motion for change of venue shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to file within such time.
(d) The court shall consider the affidavits filed by all parties and receive evidence on every issue of fact necessary to its decision. If the court grants the motion it shall make an order removing the cause to the court having jurisdiction to try such offense in some other convenient county where a fair and impartial trial can be had.
(e) If the defendant is in custody, the order shall direct that he be forthwith delivered to the custody of the sheriff of the county to which the cause is removed.
(f) The clerk shall enter on the minutes the order of removal and transmit to the court to which the cause is removed a certified copy of the order of removal and of the record and proceedings and of the undertakings of the witnesses and the accused.
(g) When the cause is removed to another court the witnesses who have entered *112 into undertakings to appear at the trial shall, on notice of such removal, attend the court to which the cause is removed at the time specified in the order of removal. A failure to so attend shall work a forfeiture of the undertaking.
(h) If there are several defendants and an order is made removing the cause on the application of one or more but not all of them, the other defendants shall be tried and all proceedings had against them in the county in which the cause is pending in all respects as if no order of removal had been made as to any defendant.
(i)(1) The court to which the cause is removed shall proceed to trial and judgment therein as if the cause had originated in such court. If it is necessary to have any of the original pleadings or other papers before such court, the court from which the cause is removed shall at any time upon application of the prosecuting attorney or the defendant order such papers or pleadings to be transmitted by the clerk, a certified copy thereof being retained.
(2) The prosecuting attorney of the court to which the cause is removed may amend the information, or file a new information, and such new information shall be entitled in the county in which the trial is had, but the allegations as to the place of commission of the crime, shall refer to the county in which the crime was actually committed.
Committee Note: Same as prior rule.

IX. THE TRIAL

3.250. ACCUSED AS WITNESS.
In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted befor the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
Committee Note: Same as prior rule. The committee considered the Florida Bar proposed amendment to this rule, but makes no recommendation with respect thereto.

3.251. RIGHT TO TRIAL BY JURY.
In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury in the county where the crime was committed.
Committee Note: Substance of Art. I, § 16, Florida Constitution.

3.260. WAIVER OF JURY TRIAL.
A defendant may in writing waive a jury trial with the consent of the State.
Committee Note: Changes former rule by deleting "the approval of the Court," thus making trial by judge mandatory where both parties agree. The committee felt that the matter of withdrawal of a waiver was a matter within the inherent discretion of the trial judge and that no rule is required.

3.270. NUMBER OF JURORS.
Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases.
Committee Note: Same as prior rule.

3.280. ALTERNATE JURORS.
The court may direct that jurors, in addition to the regular panel, be called and impanelled to sit as alternate jurors. Alternate jurors, in the order in which they are impanelled shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, *113 shall have the same qualifications, shall be subject to the same examination, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. An alternate juror, who does not replace a principal juror, shall be discharged at the time the jury retires to consider its verdict.
Committee Note: Same as prior rule.

3.281. LIST OF PROSPECTIVE JURORS.
Upon request of any party, he shall be furnished by the clerk of the court with a list containing names and addresses of prospective jurors summoned to try the case together with copies of all jury questionnaires returned by such prospective jurors.
Committee Note: ABA Standard 2.2. The furnishing of such a list should result in considerable time being saved at Voir Dire. Also includes those questionnaires authorized by Fla. Stat. 40.101 although the statute itself provides for such disclosure.

3.290. CHALLENGE TO PANEL.
The state or defendant may challenge the panel. A challenge to the panel may be made only on the ground that the prospective jurors were not selected or drawn according to law. Challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court. A challenge to the panel shall be in writing and shall specify the facts constituting the ground of the challenge. Challenges to the panel shall be tried by the court. Upon the trial of a challenge to the panel the witnesses may be examined on oath by the court and may be so examined by either party. If the challenge to the panel is sustained, the court shall discharge the panel. If the challenge is not sustained, the individual jurors shall be called.
Committee Note: Same as prior rule 3.300; order of rule changed to improve chronology.

3.300. VOIR DIRE EXAMINATION, OATH AND EXCUSING OF MEMBER.
(a) Oath. The prospective jurors shall be sworn collectively or individually, as the court may decide. The form of oath shall be as follows:
"Do you solemnly swear (or affirm) that you will answer truthfully all questions asked of you as prospective jurors, so help you God?"
If any prospective juror affirms, the clause "So help you God" shall be omitted.
(b) Examination. The Court shall then examine each prospective juror individually, except that, with the consent of both parties, it may examine the prospective jurors collectively. Counsel for both State and defendant shall be permitted to propound pertinent questions to the prospective juror after such examination by the Court.
(c) Prospective Jurors Excused. If, after the examination of any prospective juror, the court is of the opinion that such juror is not qualified to serve as a trial juror, the court shall excuse such juror from the trial of the cause. If, however, the court does not excuse such juror, either party may then challenge such juror, as provided by law or by these rules.
Committee Note: (a) The language relating to competence to serve as jurors deleted as superfluous, (c) amended for clarification by inserting the clause "that such juror is not qualified to serve as a trial juror" for the clause "that such juror is incompetent."

3.310. TIME FOR CHALLENGE.
The State or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit it to be made after the juror is sworn, but before any evidence is presented.
Committee Note: Prior rule amended only by deleting some language felt by the committee to be superfluous.

*114 3.320. MANNER OF CHALLENGE.
A challenge to an individual juror may be oral. When a juror is challenged for cause the ground of the challenge shall be stated.
Committee Note: Same as prior rule.

3.330. DETERMINATION OF CHALLENGE FOR CAUSE.
The court shall determine the validity of a challenge of an individual juror for cause. In making such determination the juror challenged and any other material witnesses, produced by the parties, may be examined on oath by either party. The court may consider also any other evidence material to such challenge.
Committee Note: Same as prior rule.

3.340. EFFECT OF SUSTAINING CHALLENGE.
If a challenge for cause of an individual juror be sustained, such juror shall be discharged from the trial of the cause. If a peremptory challenge to an individual juror be made, such juror shall be discharged likewise from the trial of the cause.
Committee Note: Same as prior rule.

3.350. PEREMPTORY CHALLENGES.
Each party shall be allowed the following number of peremptory challenges:
(a) Ten, if the offense charged is punishable by death or imprisonment for life;
(b) Six, if the offense charged is a felony not punishable by death or imprisonment for life;
(c) Three, if the offense charged is a misdemeanor;
(d) If two or more defendants are jointly tried, each defendant shall be allowed the number of peremptory challenges specified above, and in such case the state shall be allowed as many challenges as are allowed to all of the defendants;
(e) If an indictment or information contains two or more counts or if two or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges which would be permissible in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulate maximum based on the number of charges or cases included when it appears that there is a possibility that defendant may be prejudiced. The State shall be allowed as many challenges as are allowed the defendant.
(f) If one or two alternate jurors are called, each party is entitled to one peremptory challenge, in addition to those otherwise allowed by law, for each alternate juror so called. The additional peremptory challenge may be used only against the alternate juror and the other peremptory challenges allowed by law shall not be used against the alternate juror.
Committee Note: Substantially same as prior rule; introductory language modernized.

3.360. OATH OF TRIAL JURORS.
The following oath shall be administered to the jurors: "Do you solemnly swear (or affirm) that you will well and truly try the issues between the State of Florida and the defendant and render a true verdict according to the law and the evidence, so help you God?" If any juror affirms, the clause "so help you God" shall be omitted.
Committee Note: Language of prior rule amended slightly to modernize.

X. CONDUCT OF TRIAL; JURY INSTRUCTIONS

3.370. REGULATION AND SEPARATION OF JURORS.
(a) Regulation of Jury: After the jurors have been sworn they shall hear the case as a body and, within the discretion of the trial judge, may be sequestered.
*115 (b) Separation after Submission of Cause: Unless the jurors have been kept together during the trial the court may, after the final submission of the cause, order that the jurors may separate for a definite time to be fixed by the court and then reconvene in the courtroom before retiring for consideration of their verdict.
Committee Note: (a) and (b) substantially the same as former rule 3.380, except that some language has been modernized. New provision permits nonsequestered jury to separate after receiving case for consideration.
Former Rule 3.370 has been deleted as its substance is now contained in new Rules 3.150 through 3.153 on Joinder and Severance.

3.380. MOTION FOR JUDGMENT OF ACQUITTAL.
(a) If, at the close of the evidence for the State or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.
(b) A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. Such motion must fully set forth the grounds upon which it is based.
(c) If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within the time permitted for filing of motion for new trial, or within such further time as the court may allow.
Committee Note: (a) and (b) same as prior rule 3.660, transferred to better follow trial chronology. (c) provides time period for renewal of motion and is new.

3.390. JURY INSTRUCTIONS.
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial.
(b) Every charge to a jury shall be orally delivered, and charges in capital cases shall also be in writing. Charges in other than capital cases shall be taken by the court reporter, and, if the jury returns a verdict of guilty, transcribed by him and filed in the cause.
(c) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the request and of the instructions which will be given prior to their argument to the jury.
(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
(e) When an objection is made to the giving or failure to give an instruction, no exception need be made to the court's ruling thereon in order to have such ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, and if the jury returns a verdict of guilty, transcribed by him and filed in the cause.
Committee Note: The Committee adopted Fla.Statute 918.10 with only minor modification as to terminology.

*116 3.391. SELECTION OF FOREMAN OF JURY.
The court shall instruct the jurors to select one of their number foreman.
Committee Note: Same as former Rule 3.390.

3.400. MATERIALS TO THE JURY ROOM.
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(a) a copy of the charges against the defendant;
(b) forms of verdict approved by the court, after being first submitted to counsel;
(c) any instructions given; but if any instruction is taken all the instructions shall be taken;
(d) all things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.
Committee Note: (a) permits a copy of the indictment or information to be taken to the jury room. The Committee deliberated at length about this provision but finally approved same. (b), (c), and (d) are same as former rule 3.400(a), (b), and (c).

3.410. JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS.
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Committee Note: This is the same as former Fla.Rule 3.410, except that the former rule made it mandatory for the trial judge to give additional instructions upon request. The Committee feels that this should be discretionary.

3.420. RECALL OF JURY FOR ADDITIONAL INSTRUCTIONS.
The court may recall the jurors after they have retired to consider their verdict to give them additional instructions, or to correct any erroneous instructions given them. Such additional or corrective instructions may be given only after notice to the prosecuting attorney and to counsel for the defendant.
Committee Note: Same as former rule.

3.430. JURY NOT RECALLABLE TO HEAR ADDITIONAL EVIDENCE.
After the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence.
Committee Note: Same as prior rule.

XI. THE VERDICT

3.440. RENDITION OF VERDICT; RECEPTION AND RECORDING.
When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreman if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the *117 cause. No verdict may be rendered unless all of the trial jurors concur in it.
Committee Note: Same as prior rule.

3.450. POLLING THE JURY.
Upon the motion of either the State or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct that the jury be sent back for further consideration; if there be no dissent the verdict shall be entered of record and the jurors discharged. Provided, however, that no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded.
Committee Note: Same as prior rule.

3.451. JUDICIAL COMMENT ON VERDICT.
While it is appropriate for the court to thank jurors at the conclusion of a trial for their public service, the court shall not praise or criticize their verdict.
Committee Note: From ABA Standard 5.6, Trial by Jury.

3.460. ACQUITTAL FOR CAUSE OF INSANITY.
When a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person, or may give him into the care of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged.
Committee Note: Same as prior rule.

3.470. PROCEEDINGS ON SEALED VERDICT.
The court may, with the consent of the prosecuting attorney and the defendant, direct the jurors that if they should agree upon a verdict during a temporary adjournment of the court, the foreman and each juror shall sign the same, and such verdict shall be sealed in an envelope and delivered to the officer having charge of the jury, after which the jury may separate until the next convening of the court. When the court authorizes the rendition of a sealed verdict it shall admonish the jurors not to make any disclosure concerning it, nor to speak with other persons concerning the cause, until their verdict shall have been rendered in open court. The officer shall, forthwith, deliver the sealed verdict to the clerk. When the jurors have reassembled in open court, the envelope shall be opened by the court or clerk and the same proceedings shall be had as in the receiving of other verdicts.
Committee Note: Former Rule 3.480 has been deleted, its substance now contained in Rule 3.470. Substantially same as former rules 3.470 and 3.480.

3.490. DETERMINATION OF DEGREE OF OFFENSE.
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
Committee Note: Same as prior rule except references to affidavit have been deleted.

*118 3.500. VERDICT OF GUILTY WHERE MORE THAN ONE COUNT.
If different offenses are charged in the indictment or information on which the defendant is tried, the jurors shall, if they convict the defendant, make it appear by their verdict on which counts or of which offenses they find him guilty.
Committee Note: Amended to modernize the language of the rule. Substantially the same as prior rule.

3.510. CONVICTION OF ATTEMPT; LESSER INCLUDED OFFENSE.
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
Committee Note: Same as prior rule except that references to affidavit have been deleted.

3.520. VERDICT IN CASE OF JOINT DEFENDANTS.
On the trial of two or more defendants jointly the jurors may render a verdict as to any defendant in regard to whom the jurors agree.
Committee Note: Same as prior rule.

3.530. RECONSIDERATION OF AMBIGUOUS OR DEFECTIVE VERDICT.
If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict him of an offense for which judgment could be entered under the indictment or information upon which the defendant is tried, or cannot determine from it on what count or counts the jurors intended to acquit or convict the defendant, the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant and on what count or counts they intended to acquit or convict him. If the jury persist in rendering such defective verdict the court shall declare a mistrial.
Committee Note: Same as prior rule.

3.540. WHEN VERDICT MAY BE RENDERED.
A verdict may be rendered and additional or corrective instructions given on any day, including Sunday or any legal holiday.
Committee Note: Same as prior rule.

3.550. DISPOSITION OF DEFENDANT.
If a verdict of guilty is rendered the defendant shall, if in custody, be remanded; if he is at large on bail he may be taken into custody and committed to the proper official, or remain at liberty on the same or additional bail as the court may direct.

3.560. DISCHARGE OF JURORS.
After the jurors have retired to consider their verdict the court shall discharge them from the cause when:
(a) Their verdict has been received:
(b) Upon the expiration of such time as the court deems proper, the court finds there is no reasonable probability that the jurors can agree upon a verdict;
(c) A necessity exists for their discharge.
The court may in any event discharge the jurors from the cause if the prosecuting attorney and the defendant consent to such discharge.
Committee Note: Same as prior rule.

3.570. IRREGULARITY IN RENDITION, RECEPTION AND RECORDING OF VERDICT.
No irregularity in the rendition or reception of a verdict may be raised unless it *119 is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.
Committee Note: Same as prior rule.

XII. POST-TRIAL MOTIONS

3.580. COURT MAY GRANT NEW TRIAL.
When a verdict has been rendered against the defendant or the defendant has been found guilty by the court, the court on motion of the defendant, or on its own motion, may grant a new trial or arrest judgment.
Committee Note: Same as prior rule.

3.590. TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING.
(a) A motion for new trial or in arrest of judgment, or both, may be made within four days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.
(b) When the defendant has been found guilty by a jury or by the court, such a motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule upon the motion.
(c) Such motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties, or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
(d) Until such motion is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed his liberty on bail unless the court upon good cause shown (if the offense for which the defendant is convicted is bailable) permit the defendant to be released upon bail until the motion is disposed of. If the defendant is already at liberty on bail which is deemed by the court to be good and sufficient, it may permit him to continue at large upon such bail until the motion for new trial is heard and disposed of.
Committee Note: Substantially the same as prior rule.

3.600. GROUNDS FOR NEW TRIAL.
(a) The court shall grant a new trial if any of the following grounds is established:
(1) That the jurors decided the verdict by lot;
(2) That the verdict is contrary to law or the weight of the evidence;
(3) That new and material evidence, that if introduced at the trial would probably have changed the verdict or finding of the court, and that the defendant could not with reasonable diligence have discovered and produced upon the trial, has been discovered.
(b) The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:
(1) That the defendant was not present at any proceeding at which his presence is required by these rules;
(2) That the jury received any evidence out of court, other than that resulting from an authorized view of the premises;
(3) That the jurors, after retiring to deliberate upon the verdict, separated without leave of court;
(4) That any of the jurors was guilty of misconduct;
*120 (5) That the prosecuting attorney was guilty of misconduct;
(6) That the court erred in the decision of any matter of law arising during the course of the trial;
(7) That the court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant;
(8) That, for any other cause not due to the defendant's own fault, he did not receive a fair and impartial trial.
(c) When a motion for new trial calls for a decision on any question of fact, the court may consider evidence on such motion by affidavit or otherwise.
Committee Note: Same as prior rule.

3.610. MOTION FOR ARREST OF JUDGMENT; GROUNDS.
(a) The Court shall grant a motion in arrest of judgment only on one or more of the following grounds:
(1) That the indictment or information upon which the defendant was tried is so defective that it will not support a judgment of conviction;
(2) That the court is without jurisdiction of the cause;
(3) That the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense of which he could be convicted under the indictment or information under which he was tried;
(4) That the defendant was convicted of an offense for which he could not be convicted under the indictment or information under which he was tried.
Committee Note: Same as prior rule. References to trial affidavit deleted.

3.620. WHEN EVIDENCE SUSTAINS ONLY CONVICTION OF LESSER OFFENSE.
When the offense is divided into degrees or necessarily includes lesser offenses, and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of such lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
Committee Note: Same as prior rule.

3.630. SENTENCE BEFORE OR AFTER MOTION FILED; EVIDENCE AT HEARING.
The court in its discretion may sentence the defendant either before or after the filing of a motion for new trial or arrest of judgment.
Committee Note: Same as prior rule.

3.640. EFFECT OF GRANTING NEW TRIAL.
(a) New Trial for Greater Offense Prohibited: When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found guilty of a lesser degree or lesser included offense, he cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which he was convicted.
(b) Witnesses and Former Testimony at New Trial: The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial *121 is absent from the State, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the same must show due diligence on his part in attempting to procure the attendance of witnesses at the trial, and must show that the witness is not absent by consent or connivance of such party.
Committee Note: Same as prior rule.

XIII. JUDGMENT

3.650. JUDGMENT DEFINED.
The term "judgment" means the adjudication by the court that the defendant is guilty or not guilty.
Committee Note: Same as prior rule.

3.660.
Committee Note: Transferred to Rule 3.380 to improve chronology.

3.670. RENDITION OF JUDGMENT.
If the defendant is found guilty, a judgment of guilty, and, if he has been acquitted, a judgment of not guilty, shall be rendered in open court and in writing, signed by the judge, filed, and recorded. However, the judge may withhold such adjudication of guilt if he places the defendant on probation.
When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation or revokes probation, he shall forthwith inform the defendant concerning his rights of appeal therefrom, including the time allowed by law for taking an appeal.
Committee Note: Same as prior rule.

3.680. JUDGMENT ON INFORMAL VERDICT.
If a verdict is rendered from which it can be clearly understood that it is the intention of the jurors to acquit the defendant, a judgment of not guilty shall be rendered thereon even though the verdict is defective. No judgment of guilty shall be rendered on a verdict unless the jurors clearly express in it a finding of guilt of the defendant.
Committee Note: Same as prior rule.

3.690. JUDGMENT OF NOT GUILTY; DEFENDANT DISCHARGED AND SURETIES EXONERATED.
When a judgment of not guilty is entered, the defendant, if in custody, shall be immediately discharged therefrom unless he is in custody on some other charge; if he is at large on bail, his sureties shall be exonerated and if money or bonds have been deposited as bail, such money or bonds shall be refunded.
Committee Note: Same as prior rule.

3.691. POST-TRIAL RELEASE.
(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans vs. State (Fla. 1956), 90 So.2d 308, provided, that a person may be denied bail upon appeal from conviction of a felony if such person had previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored.
(b) Written Findings: In any case in which the court has the discretion to release the defendant pending review of the conviction, and after the defendant's conviction, denies release, it shall state in writing its reasons for such denial.
*122 (c) If the defendant is released after conviction and upon appeal, the condition of the undertaking shall be: (1) that he will duly prosecute his appeal; (2) that he will surrender himself in execution of the judgment or sentence upon its being affirmed or modified or upon the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, that he will appear in the court to which said cause may be remanded for a new trial, that he will appear in the court to which said cause may be remanded and submit himself to the orders and process thereof, and will not depart the jurisdiction of the court without leave.
(d) The court shall approve the sufficiency and adequacy of the bond, its security and sureties, prior to the release of the defendant.

XIV. SENTENCE

3.700. SENTENCE DEFINED; PRONOUNCEMENT AND ENTRY; SENTENCING JUDGE.
(a) The term sentence means the pronouncement by the Court of the penalty imposed upon a defendant for the offense of which he has been adjudgd guilty.
(b) Every sentence or other final disposition of the case shall be pronounced in open court. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes.
(c) In those cases where it is necessary that sentence be pronounced by a judge other than the judge who presided at trial, or accepted the plea, the sentencing judge shall not pass sentence until he shall have acquainted himself with what transpired at the trial or the facts, including any plea discussions, concerning the plea and the offense.
Committee Note: (a) and (b) substantially the same as in former Rule. (c) added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations where such judge is unavailable.

3.710. PRESENTENCE REPORT.
In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.
Committee Note: The rule provides for the utilization of a pre-sentence report as part of the sentencing process. While use of the report is discretionary in all cases, it is mandatory in two instances, the sentencing of a first felony offender and of a defendant under 18 years of age. Of course, no report is necessary where the specific sentence is mandatory, e.g., the sentence of death or life imprisonment in a verdict of first degree murder.

3.711. PRESENTENCE REPORT: WHEN PREPARED.
(a) Except as provided in subsection (b) the sentencing Court shall not authorize the commencement of the presentence investigation until there has been a finding of guilt.
(b) The sentencing Court may authorize the commencement of the presentence investigation prior to finding of guilt if:
(1) The defendant has consented to such action; and
(2) Nothing disclosed by the presentence investigation comes to the attention of the prosecution, the Court or the jury prior to an adjudication of guilt. Upon motion of the defense and prosecution the *123 Court may examine the presentence investigation prior to the entry of a plea.
Committee Note: The rule permits presentence investigations to be initiated prior to finding of guilt. Its purpose is to reduce unwarranted jail time by a defendant who expects to plead guilty and who may well merit probation or commitment to facilities other than prison.

3.712. PRESENTENCE REPORT: DISCLOSURE.
The presentence investigation shall not be a public record and shall be available only to the following persons under the following stated conditions:
(a) To the sentencing Court to assist it in determining an appropriate sentence.
(b) To persons or agencies having a legitimate professional interest in the information which it would contain.
(c) To reviewing Courts if relevant to an issue on which an appeal has been taken.
(d) To the parties as Rule 3.713 provides.
Committee Note: Provides for disclosure of the report to the trial court, appropriate agencies of the State, and Appellate Courts, if needed.

3.713. PRESENTENCE INVESTIGATION DISCLOSURE: PARTIES.
(a) The trial judge may disclose any of the contents of the presentence investigation to the parties prior to sentencing. Any information so disclosed to one party shall be disclosed to the opposing party.
(b) The trial judge shall disclose all factual material, including but not limited to the defendant's education, prior occupation, prior arrests, prior convictions, military service and the like, to the defendant and the State a reasonable time prior to sentencing. If any physical or mental evaluations of the defendant have been made and are to be considered for the purposes of sentencing or release, such reports shall be disclosed to counsel for both parties.
(c) Upon motion of the defendant or the prosecutor or on its own motion, the sentencing Court may order the defendant to submit to a mental or physical examination which would be relevant to the sentencing decision. Copies of such examination or any other examination to be considered for the purpose of sentencing shall be disclosed to counsel for the parties subject to the limitation of Rule 1.713(b).
Committee Note: This rule represents a compromise between the philosophy that presentence investigations should be fully disclosed to a defendant and the objection that such disclosure would dry up sources of confidential information and render such report virtually useless. (a) gives the trial judge discretion to disclose any or all of the report to the parties. (b) makes mandatory the disclosure of factual and physical and mental evaluation material only. In this way, it is left to the discretion of the trial judge to disclose to a defendant or his counsel any other evaluative material. The Judicial discretion should amply protect the confidentiality of those sources who do not wish to be disclosed, while the availability of all factual material to the defendant will permit him to discover and make known to the sentencing court any errors which may appear in the report.

3.720. SENTENCING HEARING.
As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing. At the hearing the sentencing court shall:
(a) Inform the defendant of the finding of guilt against him and of the judgment and ask him whether he has any legal cause to show why sentence should not be pronounced. The defendant may allege and *124 show as legal cause why sentence should not be pronounced, only:
(1) That he is insane;
(2) That he has been pardoned of the offense for which he is about to be sentenced;
(3) That he is not the same person against whom the verdict or finding of the court or judgment was rendered;
(4) If the defendant is a woman and sentence of death is to be pronounced, that she is pregnant;
(b) Entertain submissions and evidence by the parties which are relevant to the sentence; and
(c) In cases where guilt was determined by plea, inform itself, if not previously informed, of the existence of plea discussions or agreements and the extent to which they involve recommendations as to the appropriate sentence.
Committee Note: 3.720(a) Substantially the same as former Rule 3.730. 3.720(b) The defendant is to be permitted to challenge factual bases for the sentence which he believes to be incorrect. Where possible, such submissions should be done informally, but the rule does not preclude an evidentiary hearing if it should be necessary. 3.720(c) Provides for plea discussions to be made a part of the record.

3.721. RECORD OF THE PROCEEDINGS.
The sentencing court shall ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed as needed.
Committee Note: New, providing for a record of the sentencing proceeding.

3.722. CONCURRENT AND CONSECUTIVE SENTENCES.
The sentencing court shall affirmatively state in each case whether the sentence is concurrent or consecutive, which statement shall become a part of the record. Failure to designate the sentence as consecutive shall render the sentence concurrent.
Committee Note: This rule is new and is the reverse of the former rule that sentences were consecutive unless the court should otherwise specify.

3.730. ISSUANCE OF CAPIAS WHERE NECESSARY TO BRING DEFENDANT BEFORE COURT.
Whenever the Court deems it necessary to do so in order to procure the presence of the defendant before it for the adjudication of guilt or the pronouncement of sentence, or both, when he is not in custody, it shall direct the clerk to issue immediately, or when directed by the prosecuting attorney, a capias for the arrest of such defendant. Subsequent capiases may be issued from time to time by direction of the Court or the prosecuting attorney.
Committee Note: Same as prior rule 3.710.

3.740. PROCEDURE WHEN INSANITY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE.
(a) When the cause alleged for not pronouncing sentence is insanity, if the Court has reasonable ground to believe that the defendant is insane, it shall postpone the pronouncement of sentence and shall immediately fix a time for a hearing to determine the defendant's mental condition. The Court may appoint not exceeding three disinterested qualified experts to examine the defendant and testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.
(b) If the Court, after the hearing decides that the defendant is sane, it shall proceed to pronounce sentence or place the defendant on probation. If, however, it decides that the defendant is insane, it shall take proper steps to have him committed to *125 the appropriate institution. If, after a defendant has been committed to an institution as insane, the proper officer of such institution is of the opinion that the defendant is sane and so reports to the Court, the Court shall fix a time for a hearing to determine whether the defendant is sane. This hearing shall be conducted in the same manner as the original hearing to determine the defendant's insanity. If found sane, the Court shall proceed to pronounce sentence; if found insane, the defendant shall again be committed as hereinabove set forth. No defendant committed by a court to an institution, by reason of any examination referred to in this paragraph, shall be released therefrom without the consent of the court committing him.
Committee Note: Same as prior rule.

3.750. PROCEDURE WHEN PARDON IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE.
When the cause alleged for not pronouncing sentence is that the defendant has been pardoned for the offense for which he is about to be sentenced, the court, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on such allegation. If the Court decides that such allegation is true, it shall discharge such person from custody unless he is in custody on some other charge. If, however, it decides that such allegation is not true, it shall proceed to pronounce sentence.
Committee Note: Same as prior rule.

3.760. PROCEDURE WHEN NONIDENTITY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE.
When the cause alleged for not pronouncing sentence is that the person brought before the Court to be sentenced is not the same person against whom the verdict, finding of the Court or judgment was rendered, the Court, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on such allegation. If the Court decides that such allegation is true, it shall discharge such person from custody unless he is in custody on some other charge. If, however, it decides that such allegation is not true, it shall proceed to pronounce sentence.
Committee Note: Same as prior rule.

3.770. PROCEDURE WHEN PREGNANCY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE.
When pregnancy of a female defendant is alleged as the cause for not pronouncing the death sentence, the Court shall postpone the pronouncement of sentence until after it has decided the truth of such allegation. If necessary in order to arrive at such a decision, it shall immediately fix a time for a hearing to determine whether or not such defendant is pregnant and shall appoint not exceeding three competetent disinterested physicians to examine the defendant as to her alleged pregnancy and to testify at the hearing as to whether or not she is pregnant. Other evidence regarding whether or not such defendant is pregnant may be introduced at the hearing by either party. If the Court decides that the defendant is not pregnant, it shall proceed to pronounce sentence. If it decides that she is pregnant, it shall commit her to prison until it appears that she is not pregnant and shall then pronounce sentence upon her.
Committee Note: Same as prior rule.

3.790. PROBATION.
(a) Suspension of the Pronouncement and Imposition of Sentence; Probation: Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation regardless of whether such defendant has or has not been adjudicated guilty. An order of the Court placing a person on probation shall place the probationer under the authority of the state probation and parole commission to be supervised as provided by law. The Court shall specify the length *126 of time during which the defendant is to be supervised.
(b) Revocation of Probation; Judgment; Sentence: When a probationer is brought before a court charged with a violation of probation, the court shall advise him of such charge and if the charge is admitted to be true may forthwith enter an order revoking, modifying or continuing the probation. If such violation of probation is not admittted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of violation of probation. If the charge is not admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard in person, by counsel, or both. After such hearing, the court may enter an order revoking, modifying or continuing the probation. Following a revocation of probation, the trial court shall adjudicate the defendant, guilty of the crime forming the basis of his probation, if no such adjudication has been made previously. Pronouncement and imposition of sentence then shall be made upon such defendant.
Committee Note: (a) of former rule deleted, as its substance is now contained in Rules 3.710, 3.711, and 3.713. Former sections (b) and (c) are now renumbered (a) and (b) respectively.

3.800. CORRECTION AND REDUCTION OF SENTENCES.
(a) A court may at any time correct an illegal sentence imposed by it.
(b) A court may reduce a legal sentence imposed by it at the same term of court at which it has been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
Committee Note: Same as prior rule.

XV. EXECUTION OF SENTENCE

3.810. COMMITMENT OF DEFENDANT; DUTY OF SHERIFF.
Upon pronouncement of a sentence imposing a penalty other than a fine only or death, the court shall, unless the execution of the sentence is suspended or stayed, and, in such case, upon termination of the suspension or stay, forthwith commit the defendant to the custody of the sheriff under a commitment to which shall be attached a certified copy of the sentence and, unless both are contained in the same instrument if the sentence be to imprisonment in the state prison, a certified copy of the judgment of conviction and a certified copy of the indictment or information, and the sheriff shall thereupon, within a reasonable time, if he is not the proper official to execute the sentence, transfer the defendant, together with the commitment and attached certified copies, to the custody of the official whose duty it is to execute the sentence, and shall take from such person a receipt for the defendant and make a return thereof to the court.
Committee Note: Same as prior rule.

3.820. HABEAS CORPUS; CUSTODY PENDING APPEAL.
(a) When a defendant has been sentenced, and is actually serving his sentence, and has not appealed from the judgment or *127 sentence, but seeks his release from imprisonment by habeas corpus proceedings, and the writ has been discharged after it has been issued, the custody of the prisoner shall not be disturbed, pending a review of the appellate court.
(b) Pending a review of a decision discharging a prisoner on habeas corpus, he shall be discharged upon bail, with sureties to be approved as other bail bonds are approved for his appearance to answer and abide by the judgment of the appellate court.
Committee Note: Same as prior rule.

XVI. CRIMINAL CONTEMPT

3.830. DIRECT CRIMINAL CONTEMPT.
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Committee Note: Same as prior rule.

3.840. INDIRECT CRIMINAL CONTEMPT.
(a) Indirect (Constructive) Criminal Contempt: A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3) Order of Arrest: Bail. The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
(4) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law and fact shall be heard and determined by the judge.
(5) Disqualification of Judge. If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court.
*128 (6) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.
Committee Note: Same as prior rule.

XVII. POST-CONVICTION RELIEF

3.850. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; HEARING; APPEAL.
A prisoner in custody under sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
A motion for such relief may be made at any time.
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus.
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Committee Note: Same as prior rule. Former rule 3.860, previously deleted, now found in Article 18, The Florida Bar Integration Rules.

XVIII. FORMS

3.985. STANDARD JURY INSTRUCTIONS.
The forms of Florida Standard Jury Instructions in Criminal Cases published by The Florida Bar pursuant to authority of the court may be used by the trial judges of this State in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction *129 is erroneous or inadequate, in which event he shall modify or amend such form or give such other instruction as the trial judge shall determine to be necessary accurately and sufficiently to instruct the jury in the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which he finds the standard form erroneous or inadequate and the legal basis of his finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions in Criminal Cases contain a recommendation that a certain type of instruction not be given, the trial judge may follow such recommendation unless he shall determine that the giving of such an instruction is necessary accurately and sufficiently to instruct the jury, in which event he shall give such instruction as he shall deem appropriate and necessary; and, in such event, the trial judge shall state on the record or in a separate order the legal basis of his determination that such instruction is necessary.
Committee Note: Same as prior rule.
NOTES
[1] Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).